**WILLIAMS v. COLEMAN–FULTON PASTURE CO. et al.**

No. 11053.

Court of Civil Appeals of Texas. San Antonio.

Nov. 26, 1941.

Rehearing Denied Jan. 7, 1942.

Jas. B. Hubbard and Sidney P. Chandler, both of Corpus Christi, for appellant.

W. B. Moss, of Sinton, Stephen L. Pinckney, of Houston, Radcliffe Killam, of Laredo, Neel, King & Rachal, of Corpus Christi, and Kelso, Locke & King, of San Antonio, for appellees.

NORVELL, Justice.

This is an appeal by M. H. Williams, plaintiff below, from a judgment that he take nothing against H. Josey and others, defendants below. The suit is one seeking to recover title or to quiet Williams' asserted title in and to an undivided one-fourth interest in certain lands situated in San Patricio County, Texas. Appellant prayed in connection with such relief that two former judgments of the District Court of San Patricio County be held for naught and set aside. Appellant also prayed for a money judgment of $60,000 as the reasonable market value of one-fourth of the oil and gas produced from the premises.

At the conclusion of the taking of evidence, the trial court took the case from the jury and rendered judgment for appellees, an action tantamount to the giving of a peremptory instruction.

This case may be best discussed from the standpoint of appellees' contention that the record shows as a matter of law that appellant was not entitled to recover and consequently the trial court entered the only judgment which could have been properly rendered under the pleadings and evidence.

The following facts are established conclusively by the evidence:

(1) On August 4, 1915, Coleman-Fulton Pasture Company conveyed to J. A. Eller the tract of land involved, consisting of some 214 acres in San Patricio County, Texas. Appellant acquired an undivided one-fourth interest in said tract by mesne conveyances from Eller.

(2) A vendor's lien was expressly retained in the deed to Eller, securing the payment of purchase money notes. As these notes were not paid, the Coleman-Fulton Pasture Company filed suit against Eller and various persons holding under him seeking a foreclosure of the vendor's lien, being cause No. 2694 on the docket of the District Court of San Patricio County. Citation was had upon M. H. Williams by publication. The affidavit for such citation was made by an attorney for the plaintiff and therein it was stated that the "residence of M. H. Williams, if living, is unknown to plaintiff, if not living, who his heirs are (or) the residence of his heirs are unknown to plaintiff."

(3) Final judgment in this foreclosure suit was rendered on February 21, 1921. This judgment does not recite service of citation by publication or otherwise upon M. H. Williams. It does, however, recite service of citation by publication upon J. A. Eller, and awards the plaintiff, Coleman-Fulton Pasture Company a recovery of $6,917.90 against Eller, together with a foreclosure of the vendor's lien against Eller and others, including "M. H. Williams, if living, if not, the unknown heirs of the said M. H. Williams."

(4) The property was sold under order of sale and purchased by the plaintiff in judgment, Coleman-Fulton Pasture Company.

(5) On November 1, 1928, Coleman-Fulton Pasture Company conveyed the property to R. Driscoll, J. Locke, H. Josey, D. C. Reed and W. C. Hogg. These parties conveyed the same to Corpus Christi Trust Company, Trustee.

(6) Thereafter, Corpus Christi Bank and Trust Company, successor to Corpus Christi Trust Company, brought suit against M. H. Williams and others, cause No. 3702, District Court, San Patricio County. A judgment was rendered in favor of the plaintiff for title and possession of the land and premises involved. This judgment is dated September 19, 1930, and recites that the defendant J. A. Eller, among others, filed a disclaimer and that "M. H. Williams and (naming others) having been personally served in terms of law with citation commanding them to appear and answer herein, neither appeared nor filed answer, but wholly defaulted; * * *."

(7) Appellees here hold under the Corpus Christi Bank and Trust Company. Williams filed this suit on September 18, 1939.

In our opinion the attack upon the judgments involved must be considered collateral in nature. All parties who would

be affected by the setting aside of the judgments involved are not made parties to this suit. Neither Coleman-Fulton Pasture Company (named in the petition but never served with citation and for that reason dismissed) nor J. A. Eller, nor those (other than M. H. Williams) holding under him were made parties to the present suit. Had the trial court set aside the judgments involved including the foreclosure of the Coleman-Fulton vendor's lien notes, it would not have been in a position to adjust and determine by judgment the rights of those who would be affected thereby because of a lack of necessary parties. Under the test set forth in Hannon v. Henson, Tex.Com.App., 15 S.W.2d 579, 584, appellant's attack is therefore collateral.

■ The applicable rule is that "where a judgment itself contains a recitation or finding to the effect that citation or service has been had," as the judgment in cause No. 3702 finds, "such recitation or finding imports verity and may not be impeached by other parts of the record." Jordan v. Texas Pacific Coal & Oil Co., Tex.Civ.App., 152 S.W.2d 875, 879, writ refused. It follows that the recitation of service of citation upon Williams in the Corpus Christi Bank and Trust Company judgment can not be impeached in this proceeding by the introduction of the citation in evidence (which we believe supports rather than contradicts the recitation of the judgment) nor, for that matter, by Williams' testimony to the effect that he was not served with citation. The judgment involved appears regular upon its face and in our opinion is not subject to attack in this proceeding upon any of the grounds urged by appellant.

The holding that the Corpus Christi Bank and Trust Company judgment (No. 3702) can not be set aside in this suit is determinative of the case, but, as indicated in our original opinion, there is another reason which precludes a recovery by appellant.

■■ Under the particular view here now outlined, it seems immaterial whether appellant's attack be regarded as direct or collateral. It is well settled that the four-year statute of limitations, Art. 5529, Vernon's Ann.Civ.Stats. has application to direct attacks upon judgments. Levy v. Roper, 113 Tex. 356, 256 S.W. 251; 25 Tex.Jur. 643, § 227. This Court has also held that under certain circumstances such attacks may become barred prior to the running of the statutory period by application of the equitable doctrine of laches. Garcia v. Jones, Tex.Civ.App., 155 S.W.2d 671.

The record shows conclusively that the appellant, Williams, obtained knowledge of the Coleman Fulton foreclosure judgement in cause No. 2694 shortly after its rendition, yet took no action in regard thereto until the filing of the present suit.

■ Cause No. 2694 was primarily a suit between Coleman-Fulton Pasture Company, the payee of the vendor's lien notes involved, and J. A. Eller, the maker thereof. M. H. Williams was a sub-vendee of Eller and as such was not a necessary party to the foreclosure proceedings. Howell v. Townsend, Tex.Civ.App., 217 S.W. 975; Reed v. Staley, Tex.Civ.App., 139 S.W.2d 851.

■ The judgment in cause No. 2694, in so far as Eller is concerned, can not be regarded as a nullity especially in view of Eller's acquiescence therein, as disclosed by his disclaimer filed in the second cause, No. 3702. Said judgment (in No. 2694) can not be set aside as to Eller, at the instance of the appellant here. Levy v. Roper, supra. In fact, appellant makes no attempt to do so, but contends said judgment is void as to him, Williams. If this contention, for the purposes of argument, be accepted, we have this situation, a valid foreclosure as between the payee and maker of vendor's lien notes, leaving appellant as a sub-vendee whose rights are unaffected by said foreclosure the same as if he were not a party to the suit.

■ Williams' right as sub-vendee of Eller, who held under a deed in which an express vendor's lien was retained, was an equitable right to complete payment of the purchase price and thus acquire title. Hill v. Preston, 119 Tex. 522, 34 S.W.2d 780; 43 Tex.Jur. 246, § 148.

■ While this right may have been unaffected so to speak by the foreclosure against Eller in that Williams' right to pay the purchase money and acquire title to the property was not destroyed or cut off but remained outstanding, there are other matters conclusively established by the record which bar the exercise of such right at this late date. For instance, it

998

appears from appellant's pleadings that appellees have been in possession of the premises, have developed the property by drilling oil wells thereon and produced some 144,300 barrels of oil therefrom.

Under these circumstances, the case of Collett v. Houston & T. C. Ry. Co., Tex. Civ.App., 186 S.W. 232, writ refused, seems in point. We are of the opinion that the record discloses that appellant's offer to pay off the purchase price comes too late, as said offer was not made until this suit was filed, on September 18, 1939, over eighteen years after the entry of the judgment of foreclosure in cause No. 2694.

Under the facts of this case it would be, as we believe, inequitable and unjust to permit appellant at this late day to enforce performance of the contract.

In the recent case of Revard v. Wood, Tex.Civ.App., 156 S.W.2d 561, this Court held that the right of a sub-vendee to enforce performance of an executory contract evidenced by a deed expressly retaining a vendor's lien is subject to the bar of laches. In the present case we adhere to that holding. Being of the opinion that our original disposition of this case affirming the judgment of the trial court was correct, appellant's motion for rehearing is overruled. This opinion, however, is substituted for the original opinion.

Judgment affirmed.