M. F. A. Mutual Insurance Co. *v.* White.

5-2048                                           334 S. W. 2d 686

Opinion delivered April 11, 1960.

*Hardin, Barton, Hardin & Garner*, for appellant.

*Douglas O. Smith, Jr., Warner, Warner & Ragon, Donald L. Poe*, for appellee.

JIM JOHNSON, Associate Justice. Appellant, M. F. A. Mutual Insurance Company, as the insurer of George Hawkins on an automobile liability policy, instituted this suit for a declaratory judgment contending that George Hawkins' failure to notify them of the pendency of a suit against him by Mary White (Scott Circuit Court Case No. 2767) relieved them from liability as insurers. Appellee, Mary White, upon becoming cognizant of Hawkins' failure to notify the insurance company of the pendency of suit No. 2767, filed an identical action as suit No. 2783 in the same court and later dismissed without prejudice suit No. 2767.

The pertinent parts of the insurance policy here in question, which was admittedly in full force and effect on the date of the accident, are as follows:

\* \* \*

"If a claim is made or suit is brought against the insured, he shall immediately forward to MFA Mutual every demand, notice of summons received by him or his representative. If any suit or counterclaim is brought which may result in a claim under Coverage E, a copy of any pleadings filed shall be immediately forwarded to MFA Mutual.

\* \* \*

"Action against MFA Mutual: No action shall lie against MFA Mutual, under any Coverage, until after full compliance with all the terms of this policy, nor, as respects Coverages A and B, until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and MFA Mutual . . ."

From an adverse decree appellant appeals contending that: "Waiver, estoppel and res judicata are bars to Scott County Circuit Court Case No. 2783," and "The failure of Hawkins to turn over the summons in Case No. 2767 relieves appellant of any liability because of the breach of the policy conditions."

The material facts in this case are undisputed. Appellee, George Hawkins, was served with summons

in action No. 2767 on June 16, 1958, and did not notify appellant of the service until some 28 days thereafter. This lapse of time admittedly exceeds the statutory answer time. If this were the only issue before the Court in the case at bar we would be inclined to agree with the contentions of appellant, but that is not the case. Here, Appellee White dismissed her action No. 2767 without prejudice, even though at the time of dismissal she was entitled to a default judgment by authority of § 29-401, Ark. Stats. The case was never finally submitted for a judgment and no judgment was obtained. Section 27-1405, Ark. Stats. is as follows:

"Dismissal of Actions — An action may be dismissed without prejudice to a future action:

"First. By the plaintiff before the final submission of the case to the jury, or to the court, where the trial is by the court."

A dismissal without prejudice has been aptly described as being like a person blowing out a candle, which at his own pleasure may be lit again. We have held many times that if a plaintiff dismisses a suit before final submission, the order of dismissal is not *res judicata* in another suit involving the same parties and issues. See: *Jordan* v. *McCabe,* 209 Ark. 788, 192 S. W. 2d 538. Here another suit (action No. 2783) was filed involving the same parties and issues. Service was had on appellee Hawkins and it is not contended that he did not meet every requirement of his insurance policy. Nor is it contended that the policy was not in force at the time Miss White sustained her injuries complained of in action No. 2783.

Therefore, following the rule laid down in *Southern Surety Company* v. *Puryear-Meyer Grocer Co.,* 151 Ark. 480, 236 S. W. 841, we find that the delay of Hawkins to notify appellant of the service of summons in action No. 2767 affords no defense in the present action, for that action was dismissed without prejudice. The purpose of the stipulation in the policy was to afford the insurance company an opportunity to control the litiga-

tion and interpose a defense against the claim on the merits of the case. Since the first action was dismissed without prejudice there was no judgment, no payment, and no liability against appellant was sought; hence, it is clear that there was no breach of the conditions of the policy by failure of appellee to give notice of the first suit.

Affirmed.