**Edward O. LUMMUS et ux., Appellants,**

**v.**

**The WESTERN FIRE INSURANCE COMPANY OF FORT SCOTT, KANSAS, et al., Appellees.**

**No. 6042.**

Court of Civil Appeals of Texas.

El Paso.

July 16, 1969.

Gerald K. Fugit, Odessa, for appellants.

Shafer, Gilliland, Davis, Bunton & Mc-Collum, Lucius D. Bunton, Odessa, for appellees.

### OPINION

FRASER, Chief Justice.

As stated in the appellants' brief, this is an appeal from 161st Judicial District Court of Ector County, Texas. The plaintiffs, Edward O. Lummus and wife, Hazel Ruth Lummus, are the appellants here appealing a judgment taken in the trial court. The appellee is an insurance company that operates under the name of The Western Fire Insurance Company of Fort Scott, Kansas.

The plaintiffs and the defendant have stipulated to the appropriate facts in this case. There is no dispute as to any fact or facts. After the stipulation, it was sub-mitted to the court for its decision. Lengthy though it is, we are including the said stipulation in order to help clarify the issues involved:

### "STIPULATION

"TO THE HONORABLE JUDGE OF SAID COURT:

"NOW COMES Edward O. Lummus, suing individually and pro forma for my wife, Hazel Ruth Lummus, hereinafter called plaintiffs, and by and through their attorney of record, Gerald K. Fugit; and The Western Fire Insurance Company of Fort Scott, Kansas, hereinafter called defendant, and by and through its attorney of record, Lucius D. Bunton; and represent to the Court that the heretofore mentioned parties by and through their attorneys have agreed and stipulated to the following facts, to-wit:

"On April 15, 1964, Carl Sewell Motor Company allowed a man by the name of Durwood Wells to drive from its premises an automobile which was owned by Carl Sewell Motor Company. Permission was given by an employee of Carl Sewell Motor Company to Durwood Wells to try out an automobile which he had indicated he might purchase and to drive it home to show his wife.

"On April 15, 1964, the plaintiff herein, Hazel Ruth Lummus, was in an automobile accident in Odessa, Ector County, Texas, with Durwood Wells, who is a party to this lawsuit. Hazel Ruth Lummus was driving an automobile which was owned, on April 15, 1964, by Edward O. Lummus, a plaintiff herein, and Durwood Wells was driving the automobile owned by Carl Sewell Motor Company, a corporation entitled to do business in the State of Texas.

"Immediately after the accident on April 15, 1964, Durwood Wells notified Carl Sewell Motor Company that an accident had occurred. He requested that someone from Carl Sewell Motor Company come to

the scene of the accident. An employee of Carl Sewell Motor Company did arrive at the accident scene and returned the automobile to the premises of Carl Sewell Motor Company on April 15, 1964.

"At the time that the automobile was being driven by Durwood Wells, the hereinafter mentioned insurance policy was in effect, and The Western Fire Insurance Company of Fort Scott, Kansas, was the company that insured Carl Sewell Motor Company, as set out in the insurance policy attached hereto as Exhibit A.

"The Western Fire Insurance Company of Fort Scott, Kansas, was given notice of the accident by Carl Sewell Motor Company, within two weeks after April 15, 1964. However, no notice of any kind was ever given by Durwood Wells to The Western Fire Insurance Company of Fort Scott, Kansas, or any of its authorized agents. At no time did Durwood Wells furnish any information with respect to the time, place and circumstances of the accident and did not furnish names and addresses of any available witnesses to The Western Fire Insurance Company of Fort Scott, Kansas, or any of its authorized agents. The parties making this stipulation do not know whether Durwood Wells had a policy of liability insurance in effect on April 15, 1964.

"A certain lawsuit was filed on December 30, 1964, styled 'EDWARD O. LUMMUS, Suing Individually and Pro Forma for my wife, HAZEL RUTH LUMMUS vs. CARL SEWELL MOTOR COMPANY', No. A–27,260, in the 70th Judicial District Court of Ector County, Texas. The defendant, Carl Sewell Motor Company, filed an answer. The plaintiffs requested a non-suit and the court so ordered a non-suit on April 5, 1966.

"A subsequent suit was filed on April 8, 1966, styled, 'EDWARD O. LUMMUS, Suing Individually and Pro Forma for my Wife, HAZEL RUTH LUMMUS, vs. CARL SEWELL MOTOR COMPANY and DURWOOD WELLS', No. A–30,912

in the 70th Judicial District Court of Ector County, Texas, and both defendants were served. Defendant Durwood Wells did not at any time forward the suit papers or citation to Carl Sewell Motor Company or The Western Fire Insurance Company of Fort Scott, Kansas. He did not request Carl Sewell Motor Company or The Western Fire Insurance Company of Fort Scott, Kansas, to furnish him with a defense in this suit. Durwood Wells did not appear at the trial of the lawsuit in person, by counsel, or by filing a written answer. Following a jury trial the Court rendered judgment against Durwood Wells for the sum of $16,300.00. The trial court's judgment also provided that the plaintiffs Edward O. Lummus and Hazel Ruth Lummus take nothing as against Carl Sewell Motor Company.

"The judgment obtained by plaintiffs against Durwood Wells became final without any appeal having been taken. This judgment was ultimately abstracted in the office of the County Clerk, Ector County, Texas. Execution was issued and returned nulla bona. The judgment obtained against Durwood Wells has not been paid to the plaintiffs Edward O. Lummus and Ruth Hazel Lummus, and no release has been given by Edward O. Lummus and Hazel Ruth Lummus to Durwood Wells.

"The case before the Court at this time is styled, 'EDWARD O. LUMMUS, Suing Individually and Pro Forma for my wife, HAZEL RUTH LUMMUS vs. THE WESTERN FIRE INSURANCE COMPANY OF FORT SCOTT, KANSAS, and DURWOOD WELLS', No. B–25,543 in the 161st Judicial District Court of Ector County, Texas. Defendant, The Western Fire Insurance Company of Fort Scott, Kansas, was served with citation as well as the defendant, Durwood Wells. The defendant, The Western Fire Insurance Company of Fort Scott, Kansas, has filed an answer and is represented by its attorney, Lucius D. Bunton. Durwood Wells has not appeared nor has there been any answer filed in his behalf nor has the said

Durwood Wells called upon the said Carl Sewell Motor Company and/or The Western Fire Insurance Company of Fort Scott, Kansas, to defend him in this cause.

> Respectfully submitted,
> GERALD K. FUGIT,
> Attorney for Plaintiffs
> LUCIUS D. BUNTON,
> Attorney for Defendant,
> The Western Fire Insurance Company of Fort Scott, Kansas"

Then follows the policy and its various endorsements, completing the entire stipulation.

■ Appellants present one point of error which is as follows: "It is not necessary for an additional insured under the entire contract of insurance to give notice of the accident to the insurer." However, we do not reach appellants' point of error because the appellants failed to prove that Durwood Wells was either a "person insured" or an additional insured. The policy with which we are here dealing contains a Form 53 endorsement which provides as follows:

"1. Paragraph 3 of 'Persons Insured' is amended to read as follows, and Paragraphs 4 and 5 below are added, all subject to exceptions (i), (ii), (iii) and (iv) as set forth in the policy.

'(3) With respect to an automobile to which the insurance applies under paragraph 1(a) of the Automobile Hazards, any of the following persons while using such automobile with the permission of the named insured, provided such person's actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission:

(a) any employee, director or stockholder of the named insured, any partner therein and any resident of the same household as the named insured, such employee, director, stockholder or partner,

(b) any other person, but only if no other valid and collectible automobile liability insurance, either primary or excess, with limits of liability at least equal to the minimum limits specified by the financial responsibility law of the state in which the automobile is principally garaged, is available to such person; provided that with respect to Coverage C, such person shall be deemed to be a person for whom insurance is afforded, whether or not there is any other valid and collectible automobile liability insurance.

'(4) With respect to an automobile to which the insurance applies under paragraph 1(b) of the Automobile Hazards, any person while using such automobile with the permission of the person or organization to whom such automobile is furnished, provided such person's actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission;

'(5) Any other person or organization but only with respect to his or its liability because of acts or omissions of the named insured within the Automobile Hazard or of an insured under paragraph (3) or (4) above.'"

It will readily be seen from the record that appellants never proved that Durwood Wells did not have any other valid and collectible automobile liability insurance. Under Section 1, paragraph 3(b), above quoted, proof of the absence of such liability, insurance is a condition precedent in order to endow the driver of the car with a title of "any other person" as set forth in paragraph 3(b). We think it was essential that appellants prove that Wells had no other available insurance under the provisions heretofore referred to, in order to charge the insurance company with any liability. In other words, appellants simply failed to prove that Durwood Wells was an insured in any capacity under this policy, and for that reason there was no liability

on the part of the insurance company, either to pay or to defend.

Also, it is clear from the record that even if Durwood Wells had been occupying some position of an insured, he never sent any suit papers or citation to the insurance company, nor did he ask them to defend him. Therefore, no action could lie against the company as this, too, was a condition precedent which was not carried out. Klein v. Century Lloyds, 154 Tex. 160, 275 S.W. 2d 95 (1955); New Amsterdam Casualty Co. v. Hamblen, 144 Tex. 306, 190 S.W.2d 56 (1945).

The record therefore shows that appellants failed to prove that Durwood Wells was a "person insured" under the policy, and, even if he had been, he failed to send in to the insurance company the papers and citation relative to the suit filed against him. These failures make it impossible for appellants to recover.

The judgment of the trial court is therefore affirmed.