[No. 361-41086-1.  Division One—Panel 1.  December 28, 1970.]

L. Y. EVANS, *Appellant,* v. COLUMBIA INTERNATIONAL COR-
PORATION, *Respondent.*

*Bruce D. Brunton,* for appellant.

*Edmund J. Jones,* for respondent.

JAMES, C. J.—L. Y. Evans is a commission broker who
deals in heavy industrial machinery. In 1963 he learned
that the Boeing Company had need for a large capacity
metal lathe. At that time, Columbia International Corpora-
tion was the exclusive selling agent in the United States for
Karl Keilinghaus Industriestrasse of Ahlen, Westfalen,
West Germany. Keilinghaus manufactured heavy machin-
ery. In response to Evans' inquiry, Columbia ascertained
that Keilinghaus had the apparent capability and was will-
ing to undertake the manufacture of a lathe built to
Boeing's specifications.

The negotiations thus initiated by Evans eventually re-
sulted in Boeing's execution of a purchase order to Colum-

bia for a lathe to be manufactured by Keilinghaus at an anticipated cost of $312,750.

Thereafter, Evans and Columbia agreed in writing that Evans' commission would be 12½ per cent of the total amount finally paid by Boeing.

The lathe was built by Keilinghaus and eventually accepted by Boeing. The purchase price paid by Boeing was $286,406.25.

Thereafter, Columbia tendered its check in the sum of $14,000 to Evans in full settlement of his claim for a commission. Evans cashed the check but conditioned his endorsement with the following words:

> Accepted as partial payment of 12-1/2% commission due pursuant to that commission agreement dated March 19, 1964, between Evans Machinery Company and Columbia International Corporation and not as payment in full and not as an accord and satisfaction of the known full amount legally due and owing.

The trial judge concluded as a matter of law that the cashing of the check by Evans constituted an accord and satisfaction.

Evans contends that an accord and satisfaction cannot be implied in this case because the amount due him was liquidated and undisputed. His theory of the case is that his commission was earned when the purchase order was signed and that the commission agreement served only to fix the amount.

Columbia contends that at the time it tendered its check in full settlement, there was a genuine dispute as to the amount due Evans and that therefore the debt was unliquidated.

The trial judge found that the agreement to pay the commission was, by its terms, conditioned upon (1) the ability of Keilinghaus to manufacture a lathe meeting the performance specifications of the purchase order and (2) the payment of the purchase price by Boeing.

The purchase order required verification of performance specifications before shipment from Ahlen.

The trial judge found that the lathe built by Keilinghaus did not meet performance specifications when tested in Ahlen.

By the terms of the purchase order, the seller assumed all risks of "impossibility of performance" and Boeing was given the right to cancel in the event that performance specifications could not be achieved.

The trial judge found that Boeing threatened to cancel the purchase order and that to salvage the sale, Columbia negotiated a new agreement with Boeing. The trial judge further found the facts to be that Columbia purchased the lathe from Keilinghaus on its own account and shipped it to Boeing's plant in Seattle at its own risk; that in Seattle, the lathe was subjected to further testing and modifications before it was finally accepted by Boeing.

An accord and satisfaction is a new contract between the parties, complete in itself. 1 Am. Jur. 2d *Accord and Satisfaction* § 12 (1962). An accord may be reached by an express agreement or it may be implied from the circumstances. It is to be implied if, in fact, the amount due is disputed, the debtor tenders his check in full payment of the debt, and the creditor cashes the check. *Kibler v. Frank L. Garrett & Sons, Inc.*, 73 Wn.2d 523, 439 P.2d 416 (1968).

The disposition of this case is dictated by the familiar "Thorndike" rule in Washington. Where there is substantial evidence to support a trial judge's finding of fact, it will become the established fact for the purposes of appeal. *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn.2d 570, 343 P.2d 183 (1959).

There is substantial evidence to support the finding that the lathe manufactured by Keilinghaus never met the performance specifications of the original purchase order and that the purchase order—upon which the commission agreement depended—was superseded by a new agreement between Boeing and Columbia. There is substantial evidence to support the trial judge's ultimate finding that there was a bona fide dispute between Evans and Columbia as to the amount of commission due.

Under the established facts of the case, the cashing of the check by Evans was in law an accord and satisfaction.

The judgment is affirmed.

FARRIS and SWANSON, JJ., concur.

Petition for rehearing denied February 4, 1971.