[No. 377-41408-1.   Division One—Panel 2.   March 15, 1971.]

ARTHUR B. KIDWELL, *Respondent*, v. CHUCK OLSON OLDS-
MOBILE, INC., et al., *Defendants*, MICHIGAN MILLERS
MUTUAL INSURANCE Co., *Appellant.*

*Detels, Draper & Marinkovich, Frank W. Draper,* and
*Lewis A. Hutchison,* for appellant.

*Monheimer, Schermer, Van Fredenberg & Smith* and *D.
Van Fredenberg,* for respondent.

JAMES, J.—The question in this case is whether the
driver of an insured automobile was covered by the "omni-
bus clause" of a standard policy of liability insurance. The
policy provides in part:

Definition of Insured. The unqualified word "insured"
includes the named insured and also includes . . .
any person . . . using [the] owned automobile
. . . provided the actual use of the automobile is
by the named insured *or with his permission,* . . .

(Italics ours.) Exhibit 1.

Chuck Olson Oldsmobile, Inc., the named insured, owned
a car which was involved in a rear-end collision. Arthur

Kidwell sustained injury. He sued both Olson Olds and Melvin D. Spencer, the driver of the car. A default judgment was taken against Spencer, and thereafter Kidwell garnished Michigan Millers Mutual Insurance Company, Olson Olds' insurer.

Olson Olds employed William Green as a salesman. The company provided Green with a demonstrator. It was this car which Spencer drove with Green's permission on the occasion of the accident which injured Kidwell. Green was a passenger in the car at the time.

Judge Stuntz found as a fact that Spencer was driving with the implied permission of Olson Olds and concluded that Spencer was an "insured" as defined by the omnibus clause. Judgment was entered against Michigan Millers.

Michigan Millers first assigns error to the finding that Spencer drove with Olson Olds' permission.

Green was not deposed, and he died before trial. Spencer disappeared after being served and was unavailable for testimony. The only witness at the garnishment trial was Wayne Anderson, the general manager of Olson Olds, called on behalf of Michigan Millers. Anderson testified that Olson Olds provided each of its salesmen with a new car to be used as a "demonstrator," but which could be treated and used by the salesman as his "personal" car. Anderson said that the right to the personal use of the car was a fringe benefit to the salesman.

Michigan Millers relies upon Anderson's further testimony that it was the Olson Oldsmobile Company policy that salesmen were to permit only prospective customers to drive the demonstrators. But Anderson also testified after some equivocation that the salesmen had not been given any written policy statement as to the uses permitted. Upon cross-examination, he conceded that it would not be unreasonable for an Olson Olds salesman to assume that his "personal use" privilege included his riding as a passenger while someone else did the actual driving with his permission. Judge Stuntz necessarily had to judge Anderson's credibility. *In re Estate of Martinson,* 29 Wn.2d 912, 190

P.2d 96 (1948). He found as a fact that a salesman's exercise of his personal use privilege would reasonably include his right, on occasion, to let another drive.

■ We find substantial evidence to support Judge Stuntz' finding that Spencer drove with Olson Olds' permission.

Where there is substantial evidence to support a trial judge's finding of fact, it will become the established fact for the purposes of appeal. *Thorndike v. Hesperian Orchards, Inc.,* 54 Wn.2d 570, 343 P.2d 183 (1959).

*Evans v. Columbia Int'l Corp.,* 3 Wn. App. 955, 957, 478 P.2d 785 (1970).

The insurance contract contains the following provisions:

11. Notice of Claim or Suit. If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.

. . .

13. Action Against Company. No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, . . .

Exhibit 1.

At trial it was stipulated that:

1) Olson Oldsmobile forwarded a copy of the Summons and Complaint served upon it by plaintiff to the garnishee defendant and otherwise complied with all provisions of the liability insurance policy between Olson and Michigan Millers.

2) Plaintiff has obtained a valid judgment against Melvin D. Spencer and his wife in the amount of $10,000.00 on September 22, 1967.

3) Following service of the Summons and Complaint, at no time did defendants Spencer notify or forward a copy of said pleadings to the garnishee defendant Michigan Millers Mutual Ins. Co., or any of the garnishee defendant's agents.

Michigan Millers contends that Spencer's failure to forward the summons and complaint which had been served

upon him has relieved it of any obligation to him imposed by its policy. The trial judge's rejection of this contention is assigned as error.

Judge Stuntz concluded:

That garnishee defendant had the full and timely notice of, and promptly received a copy of the Summons and Complaint in which all parties defendant were joined, and that there was thereby substantial compliance with the terms of the said insurance policy which in no wise prejudiced any rights of the garnishee defendant.

Conclusion of law 3.

■ We agree with Judge Stuntz' conclusion. The requirements of notice and of forwarding "every demand, notice, summons or other process" are judicially approved as conditions precedent to insurer's liability. *Sears, Roebuck & Co. v. Hartford Accident & Indem. Co.,* 50 Wn.2d 443, 313 P.2d 347 (1957).

The purpose of the provision as to notice of suit is to allow the insurer to make an investigation of the accident in order to prepare a defense, and to afford the insurer an opportunity to control the litigation.

*Sears, Roebuck & Co. v. Hartford Accident & Indem. Co., supra,* at 451. Olson Olds complied with all of the "notice" requirements of the policy. Spencer did not.

Was compliance by Spencer necessary? Olson Olds purchased liability coverage for the permissive user (Spencer) of its automobile as well as for itself. Both were sued because of an accident allegedly caused by the permissive user. We hold that the notice requirements of the policy were fulfilled by Olson Olds both as to its own liability and as to the liability of its permissive user.

The question as to who gives the notice to the insurer is obviously of minor importance as long as notice is actually given of the occurrence of the accident or the pendency of the suit.

Annot., 18 A.L.R.2d 443, 458 (1951).

[N]otice by one of several whose interests are covered by the insurance policy inures to the benefit of all the insureds.

(Footnote omitted.) 7 Am. Jur. 2d *Automobile Insurance* § 139 (1963).

The judgment is affirmed.

FARRIS, A.C.J., and SWANSON, J., concur.

Petition for rehearing denied May 27, 1971.

Review denied by Supreme Court June 22, 1971.