**Henry SANCHEZ, Petitioner,**

v.

**TEXAS INDUSTRIES, INC., Respondent.**

No. 5157.

Court of Civil Appeals of Texas, Waco.

Sept. 7, 1972.

Rehearing Denied Oct. 5, 1972.

Patterson & Lamberty, Inc., J. Redwine Patterson, Thomas L. Kelly, Jr., Dallas, for petitioner.

DeVore, Bagby, McGahey, Ross & Burnett, Arlington, for respondent.

## OPINION

JAMES, Justice.

This is a writ of error proceeding pursuant to a default judgment, filed by Henry Sanchez. Plaintiff-Respondent Texas Industries, Inc., originally sued in Dallas County, Texas, Gregg Asphalt Co., Inc., on a sworn account in the amount of $38,427.-02, attorneys' fees and costs. In this original petition it was alleged that Henry Sanchez was the president and agent for service of Defendant Gregg Asphalt Co., Inc., and that he lived in Brownsville, Texas. Citation was issued with a copy of the original petition attached, addressed to Gregg Asphalt Co., Inc., as Defendant, and the return thereof shows said Defendant was served on January 16, 1971, by service upon Henry Sanchez, President of Gregg Asphalt Co., Inc., in Cameron County, Texas. The citation was returned to the District Clerk of Dallas County, Texas, and was filed in the court papers January 22, 1971.

Thereafter, Plaintiff-Respondent Texas Industries filed an amended petition in which Gregg Asphalt Co., Inc., was still a Defendant and in which Henry Sanchez individually was made a party Defendant. Citation was issued by the District Clerk with a copy of the amended petition attached, addressed to "Henry Sanchez-Defendant", and the return thereof shows Henry Sanchez was served August 4, 1971 in Cameron County, Texas. This citation was returned to the District Clerk of Dallas County, Texas, and was filed in the court papers August 27, 1971.

The amended petition sought judgment against Gregg Asphalt Co., Inc., and Henry Sanchez individually, upon the sworn account in the amount of $38,427.02, attorneys' fees and costs, the amount sued for being the identical amount sued for in the original petition.

The relief sought against Gregg in the amended petition is identically the same as that sought in the original petition. In addition to the allegations against Gregg Asphalt Co., Inc., the amended petition seeks judgment against Henry Sanchez, individually in the same amount as that sought against Gregg, and contains allegations of fraud against Sanchez.

Neither of said Defendants filed any answer or otherwise made any appearance in the cause. On September 7, 1971, the trial court entered a default judgment against both Defendants in the amount of $38,427.-02, attorneys' fees, and costs. On September 10, 1971, the trial court entered a "Statement of Facts" in the court papers, recited to contain the facts presented by Plaintiff at the court hearing, and upon which the judgment is said to be based.

On the date default judgment was entered (September 7, 1971), Plaintiff's attorney filed an instrument with the clerk certifying (pursuant to Rule 239a Texas Rules of Civil Procedure) the last known mailing address of the Defendant Henry Sanchez as "2929 International, Brownsville, Texas."

Defendant Henry Sanchez filed a Petition for Writ of Error on February 11, 1972, pursuant to which he assails the trial court's judgment on three points of error in his original brief, and in his post-submission supplemental brief he asserts addi-

tional grounds in support of his first two points of his original brief.

■■■ Petitioner's first two points assert that the record does not affirmatively reflect jurisdiction over the person of Defendant Gregg Asphalt Co., Inc., or over the person of Defendant Henry Sanchez individually. We overrule these contentions. We believe the record clearly shows proper service of citation upon Gregg of the original petition, and proper service of citation upon Sanchez individually of the amended petition. As stated above, the cause of action and amount of money sought against Gregg in the amended petition is the same as that sought by Plaintiff-Respondent in the original petition. Since Gregg was properly served with citation with a copy of the original petition, it was not necessary that Gregg be served with citation again with a copy of the amended petition.

■■■ The rule is that if an amended pleading asserts a new cause of action distinct from that stated in the original pleading, or requires a more onerous judgment against the defendant, and if the defendant is not actually in court, or if service is not otherwise dispensed with, a new service of process is essential to enable the plaintiff to proceed to judgment. Morrison v. Walker (1858) 22 Tex. 18; Reyman v. Reyman (Waco, Tex.Civ.App.1957) 308 S.W.2d 595, error dismissed. Also see 46 Tex.Jur. (2) "Process and Notices," par. 10, page 334 and the many cases cited in support of this rule.

Since no new cause of action or more onerous judgment was asserted against Gregg in the amended petition, it was not necessary for Gregg to be served with citation a second time. We therefore overrule Petitioner's points one and two.

Petitioner's third point contends that the default judgment should be set aside because the record does not affirmatively reflect notice to Sanchez or to Gregg of the default judgment as required by Rule 239a, TRCP. Gregg has not appealed from the trial court's judgment.

In summary, insofar as applied to the case at bar, Rule 239a provides that when a default judgment is rendered, the party taking same or his attorney shall certify in writing to the clerk (and file same among the court papers) the last known mailing address of the party against whom the judgment is taken; whereupon the clerk is immediately required to mail a post card notice to the party against whom the judgment is rendered at such address, and to note the fact of such mailing upon the docket. The final sentence of this rule reads: "Failure to comply with the provisions of this rule shall not affect the finality of the judgment."

■■■ As stated above, the record shows that the District Clerk was furnished a certificate showing the last-known mailing address of Henry Sanchez, against whom individually the default judgment had been taken. This same Henry Sanchez was the president of Gregg Asphalt Co., Inc., the other Defendant in the default judgment. This being the state of the record, the law presumes that the District Clerk sent the post card notices as required by Rule 239a TRCP, in the absence of proof to the contrary. The law presumes, until the contrary is shown, that every public official will discharge the duties imposed upon him by the law. Stewart v. Moore (Tex.Com.App.1927) 291 S.W. 886, 891, opinion adopted by the Supreme Court; Anderson v. Polk (Tex.1927) 297 S.W. 219, 222. This presumption is one of fact, and continues until the contrary appears. McGuire v. City of Dallas (Tex.Com.App.1943) 141 Tex. 170, 170 S.W.2d 722, opinion adopted by the Supreme Court. There being no affirmative showing in the record that the clerk did not mail the notices, we are bound by the presumption that the clerk did mail them as he was required by law to do. Petitioner's third point is accordingly overruled.

The relief sought in the petition for writ of error is hereby denied, and judgment of the trial court is affirmed.

Affirmed.