**HARTFORD ACCIDENT AND INDEMNITY COMPANY, Appellant,**

v.

**Joseph May WEAVER, Appellee.**

**No. 7972.**

Court of Civil Appeals of Texas.

Sept. 15, 1977.

Rehearing Denied Oct. 6, 1977.

Russell H. McMains, R. D. McPherson, Houston, for appellant.

Watkins & Hamilton, Joe E. Turner, Houston, for appellee.

DIES, Chief Justice.

On March 16, 1971, Joseph May Weaver, plaintiff below, filed suit against Clyde Lee Busch for $11,800 for injuries received in an automobile collision with Busch. Citation was obtained on Busch. On September 24, 1971, plaintiff amended his petition to bring in J. C. Thomas, d/b/a Thomas Enterprises, alleging that at the time of the collision Busch was an employee of Thomas, acting in the course and scope of his employment. Plaintiff also increased his prayer for damages to $201,800. The record does not reflect that the amended petition was served on Busch. Thomas was insured by Hartford Accident & Indemnity Company, and he delivered the court papers to Hartford. It is undisputed that Busch did not deliver the court papers to Hartford.

On October 18, 1971, Thomas answered the plaintiff's amended petition denying "that at the time and on the occasion in question, and under the circumstances there existing, it would be in any way responsible for the acts or omissions of the defendant Busch."

Thereafter (our record does not reveal the date, but the attorneys in oral argument declared it to be in February 1973 when the case was called for trial), plaintiff moved the court to dismiss J. C. Thomas, d/b/a J. C. Thomas Enterprises, as defendant, which was done.

Thereafter, on February 12, 1973, the court entered an "Interlocutory Judgment by Default" against Clyde Lee Busch for $114,433.96, plus six percent per annum.

The case we review here was filed by plaintiff Joseph May Weaver June 21, 1973, against Hartford Accident and Indemnity Company on the February 1973 default judgment against Busch alleging that the September 1969 collision was occasioned by the "negligent operation of an automobile owned by J. C. Thomas, d/b/a J. C. Thomas Enterprises, operated with his permission, and covered by said policy [The Hartford policy]."

This case was tried to a jury in Montgomery County which found that at the time of the wreck between the vehicle driven by Clyde Lee Busch and plaintiff Joseph May Weaver, that Busch was an insured under the Hartford Accident and Indemnity Company policy issued to J. C. Thomas, d/b/a J. C. Thomas Enterprises. An "insured" was defined by the court as any person operating a J. C. Thomas, d/b/a J. C. Thomas

Enterprises, vehicle with the permission of the named insured provided his actual operation is within the scope of such permission.

Thereafter, on November 15, 1976, judgment was given Weaver against Hartford for $100,000, and from which Hartford has perfected this appeal.

Hartford has a point that the court erred in overruling its motion for judgment because the stipulations of the parties and undisputed evidence established as a matter of law that Clyde Lee Busch had failed to forward to Hartford the citation and suit papers, which action was a condition precedent to Hartford's liability under the insurance policy. It was stipulated by counsel for plaintiff Weaver and counsel for Hartford that Busch had never forwarded the citation or the petition to Hartford or any agent or representative thereof.

The Hartford policy in question contained the following condition:

"No. 4. Insured Duties in the Event of Occurrence, Claim or Suit . . . (b) If claim is made or suit is brought against the *insured*, the *insured* shall immediately forward to the company every demand, notice, summons or other process received by him or his representative."

The policy also contained this language: "No action shall be against the company unless, as a condition precedent thereto, there shall have been full compliance with all the terms of this policy."

■ Weaver's right of recovery against Hartford is to be solely determined by the terms of the policy. *Klein v. Century Lloyds,* 154 Tex. 160, 275 S.W.2d 95 (1955).

In *Members Mutual Insurance Company v. Cutaia,* 476 S.W.2d 278 (Tex.1972) action was brought by the judgment creditor against the tort feasor's insurer, after having recovered a judgment against the insured. The insurance company and the judgment creditor stipulated that the insured had not forwarded suit papers in the action defended by the company that resulted in recovery for the judgment creditor. Both parties further stipulated that the insurer was not prejudiced by the breach of this condition. Nevertheless, the court held the failure relieved the insurer of liability. See also, *Lane v. Anchor Casualty Company,* 355 S.W.2d 90 (Tex.Civ.App.— Houston 1962, no writ); *McCarthy v. Insurance Company of Texas,* 271 S.W.2d 836 (Tex.Civ.App.—San Antonio 1954, no writ).

■ Weaver argues that when Thomas delivered the suit papers to Hartford (before he was dismissed from the suit) this was sufficient to put Hartford on notice of Weaver's claim against Busch, and it would serve no good purpose to require as a condition precedent that Busch do the identical thing. The answer to this is that, at the time Thomas was served and the suit papers were delivered to Hartford, plaintiff Weaver was contending that at the time of the collision Busch was the agent, servant, and employee of Thomas, and acting within his course and scope of employment. Thomas had no notice—and therefore Hartford had none—that at this time Weaver was contending coverage under the Thomas policy as an "omnibus insured" who was injured by a person (Busch) driving with Thomas' consent and permission.

We sustain this point of appellant (Hartford) and decree that plaintiff—appellee Joseph May Weaver—recover nothing of and from Hartford Accident and Indemnity Company.

REVERSED and RENDERED.