Joseph May WEAVER, Petitioner,

v.

HARTFORD ACCIDENT AND INDEM-
NITY COMPANY, Respondent.

No. B–7168.

Supreme Court of Texas.

June 28, 1978.

Rehearing Denied Oct. 4, 1978.

Turner & White, Joe E. Turner, Houston,
for petitioner.

Fulbright & Jaworski, Russell H.
McMains, Houston, for respondent.

BARROW, Justice.

This is a suit by a judgment creditor
against an insurer to recover under an auto-
mobile liability policy on the basis of a
judgment secured against an omnibus in-
sured. It is stipulated that the alleged om-
nibus insured failed to comply with the
provision of the policy requiring him to
forward to the insurer "every demand, no-
tice, summons, or other process" he re-
ceived. At issue is whether compliance

with this policy provision by the named insured, in forwarding the citation which was served on him, should also be held to operate as compliance by the omnibus insured. The trial court rendered judgment in favor of the judgment creditor. The court of civil appeals reversed and rendered a take-nothing judgment. 556 S.W.2d 117. We affirm the judgment of the court of civil appeals.

J. C. Thomas Enterprises is the named insured on a comprehensive automobile liability insurance policy issued by Hartford Accident and Indemnity Company. The policy defines an "insured" under the policy to be the named insured and any other person using the vehicle with the permission of the named insured. Clyde Lee Busch was an employee of Thomas Enterprises. While driving one of Thomas' trucks in September 1969, Busch was involved in an accident with Joseph Weaver. Notice of the accident was given to Hartford who made an investigation.

In March 1971, Weaver filed suit against Busch seeking damages of $11,800. Busch testified at the trial of this case that he had been served with process in that suit in the office of Weaver's attorney, but had left the papers in that office and they were never forwarded to Hartford. He did not file an answer and none was filed on his behalf. Busch further testified that he had made a statement to Hartford, during its investigation of the accident, stating unequivocally that he was not operating the vehicle with the permission of Thomas Enterprises at the time of the accident.

In September 1971, Weaver filed his First Amended Original Petition in which he added Thomas Enterprises as a defendant, alleging that Busch was a Thomas employee acting within the course and scope of his employment, and increased the damages sought to $201,800. Service was had on Thomas Enterprises which promptly forwarded the citation and petition to Hartford. However, the District Clerk of Montgomery County testified at the trial of this case that Busch was never served with the amended petition and his testimony is supported by the court records of that case.

The answer which was filed on behalf of Thomas Enterprises specifically denied that Busch was in the course and scope of his employment at the time of the accident. Subsequently, in February 1973, Weaver non-suited his cause of action against Thomas Enterprises and was granted a default judgment against Busch for $114,-433.96, a sum in excess of the policy limit of $100,000 recovery per person.

This suit was filed in June 1973 against Hartford on the basis of that default judgment. Weaver alleged that the accident was caused by the negligent operation of the Thomas truck, that the truck was operated by Busch with the permission of the company, and that the policy covered the accident. A special issue was submitted which inquired whether Busch was an "insured" under the Hartford policy issued to Thomas Enterprises.[1] The jury answered affirmatively and judgment was entered for Weaver in the amount of $100,000.

The Hartford policy in question contains provisions concerning an insured's duties in the event of an accident, claim or suit.[2]

1. The jury was instructed that an "insured" under the policy was one operating a Thomas vehicle with the permission of the named insured provided the actual operation was within the scope of such permission. This instruction was based on the following provisions of the policy defining who was to be an insured:

  (a) the *named insured*;

  (b) . . .

  (c) any other person while using an *owned automobile* or a *hired automobile* with the permission of the *named insured*, provided his actual operation or (if he is not operating) his other actual use thereof is within the

scope of such permission . . . " [Emphasis theirs].

2. Insured's Duties in the Event of Occurrence, Claim or Suit

  (a) In the event of an *occurrence*, written notice containing particulars sufficient to identify the *insured* and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the *insured* to the company or any of its authorized agents as soon as practicable. The *named insured* shall promptly take at his expense all reasonable

Among these provisions is the requirement that the *insured* shall immediately forward any process received by him if a suit is brought. The policy makes satisfaction of these requirements, when applicable, a condition precedent to the insurer's liability on the policy. This Court in *Members Mutual Insurance Company v. Cutaia*, 476 S.W.2d 278 (Tex.1972), held that, irrespective of any showing of harm to the insurer, the failure of the named insured to forward the suit papers to the insurer relieved the latter of liability to an injured third party. *See also: Klein v. Century Lloyds*, 154 Tex. 160, 275 S.W.2d 95 (1955); *New Amsterdam Casualty Co. v. Hamblen*, 144 Tex. 306, 190 S.W.2d 56 (1945).

No contention has been made that Hartford waived or was estopped to assert this policy provision requiring the forwarding of suit papers. In fact, not only did Hartford not refuse to defend Busch, but because of Busch's statement, during Hartford's investigation of the accident, that he was not operating the vehicle with the permission of Thomas Enterprises, Hartford had no reason to believe that Busch expected Hartford to defend him.

The question presented here is not controlled by this Court's holding in *Employers Casualty Co. v. Glens Falls Insurance Co.*, 484 S.W.2d 570 (Tex.1972). There it was held that timely notice *of the accident* by the named insured alone fully satisfied the provision of the insurance policy requiring notice by the "insured", and that it was not also necessary for the omnibus insured to give notice of the accident. It was pointed out that the purpose of such a notice requirement is to enable the insurer to promptly investigate the circumstances of the accident while the matter was fresh in the minds of the witnesses. Obviously, that purpose can be fully satisfied when notice of an accident is received from one insured only.

Different purposes are served by the requirement that the insured immediately forward to the insurer "every demand, notice, summons or other process received by him or his representative." It is undoubtedly true, as some cases hold, that one purpose of the provision is to enable the insurer to control the litigation and interpose a defense. *See, e. g., Brown v. State Farm Mutual Automobile Casualty Insurance Co.*, 506 F.2d 976 (5th Cir. 1975); *M. F. A. Mutual Insurance Co. v. White*, 232 Ark. 28, 334 S.W.2d 686 (1960); *Wendel v. Swanberg*, 384 Mich. 468, 185 N.W.2d 348 (1971). However, a more basic purpose is to advise the insurer that an insured has been served with process and that the insurer is expected to timely file an answer.

In *Campbell v. Continental Casualty Co. of Chicago*, 170 F.2d 669 (8th Cir. 1948), the omnibus insured forwarded his summons and a copy of the pleadings to the insurer, but the named insured did not. A default judgment was taken against the named insured. The court held that the insurer was not liable to the judgment creditor on this default judgment and said:

> The driver's suit papers might have informed the insurer that the insured had been named as a defendant in the action, but as we have stated they would not advise it that the insured had been brought into court. And neither the language of the policy, nor the construction made by any court of such provisions as it contains, has imposed on the insurer, merely because it knows that an insured has been named as a defendant in an action, the sentry duty of tracking back and forth to the court house to keep a check on if or when he may be served with process.

*See also, Lummus v. Western Fire Ins. Co. of Fort Scott, Kan.*, 443 S.W.2d 767 (Tex. Civ.App.—El Paso 1969, no writ).

steps to prevent other *bodily injury* or *property damage* from arising out of the same or similar conditions, but such expense shall not be recoverable under this policy.

(b) If claim is made or suit is brought against the *insured*, the *insured* shall immediately forward to the company every demand, notice, summons or other process received by him or his representative. [Emphasis theirs].

(c) . . .

■ The need for notice of service is especially evident in this case in that Busch was never served with Weaver's amended petition. Since Busch had not entered an appearance in the case, service on him of the amended petition was required because the demand was increased from $11,800 to $201,800. It is recognized that new citation is necessary for a party who has not appeared when the plaintiff, by amended petition, seeks a more onerous judgment than prayed for in the original pleading. *Sanchez v. Texas Industries, Inc.* 485 S.W.2d 385 (Tex.Civ.App.—Waco 1972, writ ref'd n. r. e.); *Phillips v. The Maccabees,* 50 S.W.2d 478 (Tex.Civ.App.—Waco 1932, no writ); McDonald *Texas Civil Practice,* § 8.11.2 (1970).

■ Under the facts of this case, Hartford would have been gratuitously subjecting itself to liability if it had entered an appearance for Busch, who had failed to comply with the policy conditions, who had stated he was not a permissive user, and who had never been served with process, in a· suit which sought damages in excess of the policy limits. Therefore, we hold that Hartford had no duty to voluntarily undertake a defense for Busch. We express no opinion as to the validity of the judgment against Busch.

The judgment of the court of civil appeals is affirmed.

GREENHILL, Chief Justice, concurring dissenting.

I agree with the substance of the dissenting opinion of Justice McGee. I do not agree with his statement that the court's opinion declared void the default judgment obtained against Busch. Nor is it necessary to express an opinion on the "present day tendency to interpret automobile liability insurance . . . as a contract for the benefit of the injured party."

This case, however, is distinguishable from *Members Mutual Insurance Company v. Cutaia,* 476 S.W.2d 278 (1972), and related cases. There the *named* insured,—the person who entered into the agreement and who had the possession of the policy and could consult it, failed to carry out the provisions of the policy. This court had previously held that the failure of the named insured to give notice of the accident or forward suit papers was a breach of the agreement which excused performance by the insurance company. I would not extend those holdings to excuse the insurance company where it has prompt and actual knowledge of the accident, notice of the accident from the named insured, and has the suit papers in hand giving the names of all the defendants, well in advance of trial—forwarded by the named insured. The suit papers were forwarded to the insured by the named insured, Thomas, a year and a half before the trial resulting in judgment against Busch, the omnibus insured. Busch was named as a defendant in the suit papers thus forwarded by the named insured, Thomas. The holding of the court, with which I cannot agree, is that the insured had no obligation to defend the suit because Busch did not also forward copies of the suit papers.

The omnibus insured is really a stranger to the actual provisions of the written insurance policy. There is no showing that he had ever seen it, or was advised that he should do anything.

McGEE, Justice, dissenting.

I respectfully dissent.

Hartford Accident & Indemnity Co., hereinafter referred to as Hartford, advanced two basic arguments to avoid liability on the insurance contract to the judgment creditor Weaver. First, Hartford argued that Busch's failure as an omnibus insured to comply with a condition in the policy that required the forwarding of any suit papers received relieved it of any liability to Weaver. It was of no consequence, Hartford reasoned, that the same set of suit papers were timely forwarded to it by the named insured. Secondly, Hartford urged that the default judgment obtained against Busch, which formed the basis of the present action, was void because the record reveals that Busch was not served with citation of the amended petition.

In reaching its decision, the majority expressly adopted the first argument and, by implication, adopted the second argument. I am compelled to dissent because a manifest injustice has occurred to an innocent injured third party as a result of the majority's holding in this case. In reversing the judgment of the court of civil appeals and affirming that of the trial court, I would hold that the policy provision concerning the forwarding of suit papers was substantially complied with when the named insured forwarded the papers to Hartford. Additionally, I would hold that the default judgment against Busch was not void because the judgment recitals therein declared that Busch had been duly served with process but failed to answer or appear; consequently, absolute verity was imparted to the judgment thereby precluding resort to the record to show otherwise.

The majority holds that Hartford had no duty to voluntarily undertake a defense for Busch because, as an omnibus insured, he failed to also forward the suit papers to Hartford. I do not share the majority's concept of the purpose of the provision in question here and this leads me to view the primary issue somewhat differently. In my opinion, the question to be resolved is simply whether or not there has been compliance with a contract provision, taking into account the purpose to be served by such a provision, sufficient to obligate the insurer to an injured third party.

The Hartford policy in question, similar to other liability policies of this type, contains provisions concerning an insured's duties in the event of an accident, claim or suit. The pertinent provisions are as follows:

"(a) In the event of an *occurrence*, written notice containing particulars sufficient to identify the *insured* and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the *insured* to the company or any of its authorized agents as soon as practicable. The *named insured* shall promptly take at his expense all reasonable steps to prevent other *bodily injury* or *property damage* from arising out of the same or similar conditions, but such expense shall not be recoverable under this policy.

"(b) If claim is made or suit is brought against the insured, the *insured* shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.
. . ." [Emphasis theirs].

The policy makes satisfaction of these provisions a condition precedent to the insurer's liability on the policy to the insured.[1] Not surprisingly, the courts of this state have consistently held that, *as between the named insured and the insurer*, the failure of the named insured to comply with the conditions of the policy requiring notice of accident or notice of suit will relieve the insurer of liability to an injured third party. *See Members Mutual Insurance Co. v. Cutaia*, 476 S.W.2d 278 (Tex.1972); *Womack v. Allstate Insurance Co.*, 156 Tex. 467, 296 S.W.2d 233 (1957); *Klein v. Century Lloyds*, 154 Tex. 160, 275 S.W.2d 95 (1955); *New Amsterdam Casualty Co. v. Hamblen*, 144 Tex. 306, 190 S.W.2d 56 (1945); *Lane v. Anchor Casualty Co.*, 355 S.W.2d 90 (Tex. Civ.App.—Houston 1962, no writ). It is essential to reiterate that the above cases concerned themselves with situations in which the only parties involved were the insurers and the named insureds. Therefore, when the named insured failed to ei-

---

1. Action Against Company. No action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of this policy, nor until the amount of the *insured's* obligation to pay shall have been finally determined either by judgment against the *insured* after actual trial or by written agreement of the *insured*, the claimant and the company.

Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. . . . [Emphasis theirs].

ther give notice of the accident or forward the suit papers, there was a complete failure to meet the terms of the policy; the insurer was, therefore, substantially prejudiced because the purpose of including the provisions in the policy was totally thwarted.

The same rule should not apply, however, when *either* the named insured or the omnibus insured gives notice of the accident or forwards the suit papers. With respect to the notice of accident provision, this Court held in *Employers Casualty Co. v. Glens Falls Insurance Co.*, 484 S.W.2d 570 (Tex. 1972), that timely written notice of an accident from the named insured to the insurer substantially complied with the contract provision of the policy and the purpose to be served by such a provision, and that another notice was not required of the omnibus insureds. The purpose of that clause, we stated, was to "enable an insurer to investigate the circumstances of an accident while the matter is fresh in the minds of the witnesses so that it may adequately prepare to adjust or defend any claims that may be then or thereafter asserted against persons covered by its policy." *Id.* at 575.

By its present holding, the majority formulates a different rule with respect to the provision concerning suit papers. In order to be in compliance with the policy's provisions and invoke the liability of the insurer, the named insured and the omnibus insured must both forward the suit papers. The majority states that the basic purpose of the provision is to advise the insurer that an insured has been served with process and that the insurer is expected to timely file an answer; consequently, it is reasoned that this purpose requires strict compliance with the terms of the policy in order to meet this purpose. I disagree.

I would hold that the main purpose of the provision in question is to enable the insurer to control the litigation and interpose a defense against any claims on the merits of the case. *See Brown v. State Farm Mutual Automobile Casualty Insurance Co.*, 506 F.2d 976 (5th Cir. 1975); *M.F.A. Mutual Insurance Co. v. White*, 232 Ark. 28, 334

S.W.2d 686 (1960); *Wendel v. Swanberg*, 384 Mich. 468, 185 N.W.2d 348 (1971). I believe that this purpose was satisfied in the instant case when Thomas Enterprises, the named insured, forwarded the suit papers to Hartford. Under the provisions of the contract, Hartford initially had the duty to defend both Thomas Enterprises and Busch. *See generally Heyden Newport Chemical Corp. v. Southern General Insurance Co.*, 387 S.W.2d 22 (Tex.1965); *Kahla v. Travelers Insurance Co.*, 482 S.W.2d 928 (Tex.Civ.App.—Houston [14th Dist.] 1972, writ ref'd n. r. e.). Upon receipt of the pleadings, Hartford was given notice of both the nature of the suit and the fact that an action was being asserted against the named and omnibus insureds, both of whom were clearly identified. This notice gave the insurer ample time in which to determine the possible liability of any of the insured parties involved and whether it would settle, defend, or even refuse to defend, the action. *See* M. Woodruff, J. Fonseca, A. Squillante, Automobile Insurance and No-Fault Law § 8:20 (1974). Forwarding of another set of the same suit papers would accomplish nothing.

There is a present day tendency to interpret automobile liability insurance not only as a contract between the insurer and the insured, but also as a contract for the benefit of the injured party. See R. Keeton, Insurance Law § 4.7(a) (1971); 2 R. Long, The Law of Liability Insurance §§ 13.06, 13.18 (1976). The majority's holding frustrates this interpretation as it elevates form over substance by permitting the insurer to avoid liability on a ground which, in my opinion, is unrelated to its ability to control the litigation.

The majority mentions the case of *Lummus v. Western Fire Insurance Co.*, 443 S.W.2d 767 (Tex.Civ.App.—El Paso 1969, no writ) as additional support for its position. Apparently that is the only prior Texas appellate court decision on point; however, I do not consider it to be persuasive authority. The relevant facts there were very similar to those in the present case. The single point of error before the court was

that it was unnecessary for an omnibus insured to give *notice of an accident* if the named insured had already done so. The court stated that it did not need to reach that point because the judgment creditor failed to prove that the driver of the vehicle was an omnibus insured under the terms of that particular policy. It then noted that even if the driver had been an omnibus insured, he never forwarded the suit papers to the insurer and this was a condition precedent to the insurer's liability, citing *Klein v. Century Lloyds, supra,* and *New Amsterdam Casualty Co. v. Hamblen, supra.* First, the statement by the court relied on by Hartford was dictum. Secondly, the authority cited by the court was not factually pertinent as there were no omnibus insureds involved in those cases, only named insureds who failed to comply with the conditions of the policy.

Consistent with our reasoning in *Employers Casualty Co. v. Glens Falls Insurance Co., supra,* I would hold that the forwarding of suit papers to the insurer by the named insured accrued to the benefit of the omnibus insured and that it was unnecessary for the omnibus insured to forward the same set of suit papers in order to obligate the insurer to the judgment creditor in this case. Moreover, such a holding would be in accord with the weight of authority. *Royal Indemnity Co. v. Pearson,* 246 So.2d 652 (Ala.1971); *Kidwell v. Chuck Olson Oldsmobile, Inc.,* 481 P.2d 908 (Wash.Ct.App.1971); *Carter v. Aetna Casualty & Surety Co.,* 473 F.2d 1071 (8th Cir. 1973); *Indemnity Insurance Co. of North America v. Forrest,* 44 F.2d 465 (9th Cir. 1930); Annot., 18 A.L. R.2d 443, 458 (1951).

By examining the conduct of the insurer and the named insured in this case, the harshness of denying Weaver's recovery on the basis of an asserted noncompliance with a contract provision is apparent. From my review of the record, neither Hartford nor Thomas Enterprises ever indicated to Busch that he might be covered by the policy or provided him with any instructions of what to do in the event that he was served. Shortly after the accident Busch was interviewed several times by the Hartford adjusters. It is undisputed that he gave them conflicting statements as to whether or not he was a permissive user of the vehicle at the time of the accident. Busch testified at trial that his employer had instructed him to inform Hartford that he was not a permissive user. The jury resolved the conflict with a finding that Busch was indeed a permissive user, and there was adequate evidence adduced to support such a finding.

Hartford's witness in the present action could not recall whether any of its adjusters had informed Busch to forward any suit papers that he might have received. Busch testified that he received no guidance whatsoever from Hartford in this regard, despite the fact that he was a totally cooperative witness for Hartford in all respects. Moreover, there is nothing in the record on the part of Hartford or Thomas Enterprises that would have led Busch to believe that there was a possibility of him being covered under the policy. At oral argument, Hartford took the stance that it was under no duty to inform Busch that he might be covered by the policy, although Hartford was apparently aware that Busch possessed a somewhat minimal education and might not have comprehended the extent of the coverage of an insurance agreement between his employer and the insurer. In conclusion, the party most harmed in this case is Weaver, who, ironically, is the most innocent of all the actors involved.

In its second argument, Hartford urged that the default judgment obtained against Busch was void because the record reveals that Busch was not served with the amended petition on which the default judgment was taken. This constitutes a collateral attack on that judgment by Hartford. *See generally Akers v. Simpson,* 445 S.W.2d 957 (Tex.1969); Hodges, *Collateral Attacks on Judgment,* 41 Texas L.Rev. 163, 164 (1962). The default judgment secured against Busch contained recitations that Busch was duly served with process, failed to appear and wholly made default. It is well settled in Texas that in a collateral attack, absolute verity is imported to the judgment by the jurisdictional recitals contained therein.

**374**

See *Treadway v. Eastburn*, 57 Tex. 209 (1882); *Crawford v. McDonald*, 88 Tex. 626, 33 S.W. 325 (1895); *Levy v. Roper*, 113 Tex. 356, 256 S.W. 251 (1923); *Akers v. Simpson*, supra; *Williams v. Coleman-Fulton Pasture Co.*, 157 S.W.2d 995 (Tex.Civ.App.—San Antonio 1941, writ ref'd w.o.m.); *Jordan v. Texas Pacific Coal & Oil Co.*, 152 S.W.2d 875 (Tex.Civ.App.—Amarillo 1941, writ ref'd); *Watson v. Rochmill*, 134 S.W.2d 710 (Tex.Civ.App.—Eastland 1939), *rev'd on other grounds*, 155 S.W.2d 783 (Tex.1941). Consequently, I would hold that the default judgment obtained against Busch is not subject to collateral attack because, under the circumstances, the judgment recitals preclude a resort to the remainder of the record to attack the judgment.

Accordingly, I would reverse the judgment of the court of civil appeals and affirm the judgment of the trial court.

