**TOBIN & ROONEY PLASTERING COMPANY, Appellant,**

v.

**Albert GILES et al., Appellees.**

**No. 7810.**

Court of Civil Appeals of Texas.

Texarkana.

Sept. 5, 1967.

J. Chrys Dougherty, Graves, Dougherty, Gee, Hearon, Moody & Gardwood, Austin, E. D. Vickery, Gus A. Schill, Jr., Royston, Rayzor & Cook, Houston, for appellant.

Ben G. Sewell, McGregor, Sewell, Junell & Riggs, Houston, for appellees.

DAVIS, Justice.

The opinion handed down in this case on June 27th, 1967, is withdrawn and the following is substituted in lieu thereof.

A tort case. James Patrick Murphy sued Tobin & Rooney Plastering Company for damages because a 50 lb. sack of insulating material (Monokote) fell off a lift device at the 19th floor of a building that was under construction by W. S. Bellows Construction Corp., the prime contractor, in the City of Houston and striking Murphy who was standing on a truck on the ground. Tobin & Rooney was a subcontractor. They were in the process of lifting the 50 lb.

sacks of insulating material by a lift device, which was not properly stacked and tied, and one sack slipped off the device at the 19th floor and struck Murphy. Tobin & Rooney impleaded Albert Giles and Laconieu Manuel.

The case was tried before the court. Judgment was rendered against Tobin & Rooney for $64,500.00, giving Tobin & Rooney contribution against Giles and Manuel for $32,500.00.

Appellant has perfected its appeal and brings forward one point of error.

By its point, appellants say the trial court erred in failing to grant it full indemnity against appellees, because appellees failed to follow instructions in loading the lift device according to instructions in a safe and workmanlike manner.

One of the witnesses testified that the top layer of sacks protruded above the upper level of the lift device, and the sack which fell was not tied according to instructions and fell from the back portion at the 19th floor. He testified, in part, as follows:

"Q. (By the Trial Court). They were stacked higher than the elevator? (lift device).

"A. Yes, sir, three or four inches above the end of the elevator.

"Q. And the sack that fell off on the top leval?

"A. Yes, sir.

"Q. Was it crosswise this way or that way?

"A. It was straight across like this.

"Q. There wasn't anything to keep it from rolling off?

"A. No sir, it was on the far end.

"Q. Assuming this is the outside of the building and it was parallel there on

the outside end, it could go off onto the ground?

"A. Yes, sir.

"Q. And there wasn't anything except its own weight to keep it from going off the side of the platform.

"A. Yes, sir."

Another witness testified as follows:

"Q. So, that if the sacks were properly put on here the way you instructed these men to put them on by overlapping them and laying a sack on top of another and tying the ropes to the bar, there is no way that those sacks would slip loose and fall if properly done on the outside?

"A. I don't see any reason, no sir."

The trial court found that the appellees were guilty of negligence contrary to the instructions that had been given them by the foreman of appellant. Under the law in Texas, the third party plaintiff is entitled to full reimbursement, in the event the third party defendant has breached a duty to the third party plaintiff where the third party plaintiff has breached no duty owed to the third party defendant. Such are the facts in this case. Austin Road Co. v. Pope (T.S.C.1949), 147 Tex. 430, 216 S.W.2d 563; Humble Oil & Refining Co. v. Martin (T.S.C.1949), 148 Tex. 175, 222 S.W.2d 995. See, also, Gulf, Colorado & Santa Fe Railway Co. v. Bliss (T.S.C.1963), Tex.Civ. App., 368 S.W.2d 594; Union Iron & Metal Company v. Gibson (T.C.A.1963), 374 S.W. 2d 458, W.R., N.R.E.; Panhandle Gravel Co. v. Wilson (T.C.A.1952), 248 S.W.2d 779, W.R., N.R.E.; 26 Tex.Law Rev. 150 (1947); 44 Tex.Law Rev. 326 (1965); 38 Tex.Jur.2d, 187, Sec. 38; 35 Am.Jur. 531, Sec. 101; American Southern Insurance Co. v. Dime Taxi Service (1963), 275 Ala. 51, 151 So.2d 783, 4 A.L.R.3rd 611 (1963). The point of error is sustained.

The judgment of the trial court is reformed so as to grant appellant full indemnity against the appellees.

Reformed and affirmed.