**EMPLOYERS CASUALTY COMPANY et al., Petitioners,**

v.

**GLENS FALLS INSURANCE COMPANY, Respondent.**

**No. B–2950.**

Supreme Court of Texas.

July 19, 1972.

Rehearing Denied Oct. 4, 1972.

Graves, Dougherty, Gee, Hearon, Moody & Garwood, Thomas G. Gee and Ben F. Vaughan, III, Austin, Sewell, Junell & Riggs, Harman Parrott, Houston, for petitioners.

Vinson, Elkins, Searls & Smith, B. Jeff Crane, Jr. and Thomas B. Weatherly, Houston, for respondent.

DANIEL, Justice.

This is a declaratory judgment suit filed by Employers Casualty Company, hereinafter called Employers, against Glens Falls Insurance Company, hereinafter called Glens Falls, to determine which of the companies has ultimate responsibility for the cost of defense and satisfaction of a personal injury recovery of one, James Patrick Murphy, against Tobin & Rooney Plastering Company. Employers, as insurer of Tobin & Rooney, defended the Murphy claim and advanced the money for full payment of the judgment, receiving in return the assignment of a judgment which Tobin & Rooney obtained against two of its employees for full indemnity against loss under the Murphy judgment. Employers contends that Glens Falls is liable for the cost of the defense and satisfaction of the Murphy claim because his injuries occurred while the Tobin & Rooney employees were engaged in unloading a supplier's truck which was covered by a Glens Falls comprehensive automobile liability insurance policy; that Tobin & Rooney and its employees were at such time omnibus insureds under loading and unloading provisions of the Glens Falls liability policy; and that the notice provisions of the policy

were met or waived. Glens Falls denied liability and the receipt or waiver of notice as required by its policy.

The Tobin & Rooney employees, Albert Giles and Lanconieu Manuel, intervened, asserting their right as Glens Falls' omnibus insureds to have that company pay the indemnity judgment against them in favor of Tobin & Rooney.

The trial court, after jury findings, rendered judgment for Employers against Glens Falls for $68,000.00, with interest at the rate of 6% per annum from July 15, 1966, the date of disbursement by Employers to Murphy. The Court of Civil Appeals reformed the judgment of the trial court, affirming only as to two-fifths (⅖ths) of such amount as a pro rata contribution. 469 S.W.2d 829. We reverse the judgment of the Court of Civil Appeals and affirm the judgment of the trial court.

Questions presented in this Court have been narrowed to whether written notice of the accident by the named insured inured to the benefit of the omnibus insureds, Giles and Manuel, or whether there was evidence to support the jury finding that the notice requirement had been waived.

Employers issued a comprehensive general liability insurance policy to Tobin & Rooney, a subcontractor on a multi-story building being erected in Houston. Glens Falls issued a comprehensive automobile liability insurance policy to Shelton W. Greer Co., Inc., hereinafter called Greer, which was a supplier of material used on the job by Tobin & Rooney. The Glens Falls policy covered persons using, including loading and unloading, the truck on which Greer delivered 400 sacks of plastering material to Tobin & Rooney on April 15, 1964. In making the delivery Greer's truck backed up to an elevator which was used to hoist the sacks of material to the 19th floor of the building. The Greer truck driver then placed the fifty pound sacks on the tailgate of the truck, where they were picked up by the Tobin & Rooney employees, Giles and Manuel, and placed on the elevator. The sacks were then hoisted to the 19th floor, where they were being unloaded by two other Tobin & Rooney employees when a sack fell off the elevator, striking and seriously injuring James Patrick Murphy, who was standing at ground level. A jury finding that Giles and Manuel were unloading the truck with the implied consent of Greer is not challenged here by Glens Falls. Also unchallenged here is the holding of the courts below that the injuries to Murphy were caused by the negligence of Giles and Manuel during the unloading of the truck and that Tobin & Rooney, as well as Giles and Manuel, were omnibus insureds under the policy issued by Glens Falls to Greer.

Both of the insurance policies in question contained the usual notice of accident provision requiring that "written notice shall be given by or on behalf of the insured to the company . . . as soon as practicable." On April 23, 1964, the eighth day after the accident, Greer gave written notice to Glens Falls, in which it said:

"For your records we wish to inform you of an accident which occurred during the afternoon of April 15, 1964 on the jobsite of the new American General Insurance Company, 2727 Allen Parkway, Houston, Texas.

"Our delivery truck was not involved, though we were delivering material to the jobsite. Our truck was loaded with 400 bags of Mono-Kote, each bag weighing approximately 50#. Our truckdriver, Aaron Garrett, had unloaded approximately 264 bags of material. When we say unloading, this means taking the material to the tail-gate of our truck where our customer, Tobin and Rooney, has their laborers take charge of material and place it on the hoist."

It is conceded that this letter complied with the written notice of accident provisions of the Glens Falls policy insofar as the named insured, Greer, is concerned, but Glens Falls denied that it inured to the

benefit of or constituted any notice from its omnibus insureds, Tobin & Rooney and Giles and Manuel.

In the meantime, Tobin & Rooney gave Employers notice of the accident immediately, and its adjuster, accompanied by a court reporter and photographer, arrived on the scene before the truck had been moved. Question and answer statements were taken from witnesses, including Giles, Manuel, and the Greer truck driver. The second day after the accident Employers' adjuster gave Glens Falls notice of the accident by telephone and informed Glens Falls that Tobin & Rooney and its employees were asserting coverage as omnibus insureds under the Glens Falls policy issued to Greer. A Glens Falls adjuster was immediately sent to investigate the accident. He talked with witnesses, visited Murphy in the hospital, and on May 5 obtained from the court reporter the question and answer statements of Giles and Manuel and other witnesses.

On April 23, Employers' adjuster conferred in person with a Glens Falls representative who had authority to accept the claim; he repeated the earlier information about coverage being claimed by Tobin & Rooney and its employees; and gave him the results of the Employers' investigation, including the names of Giles and Manuel. In June, Glens Falls assigned the file to National Claims Service for further investigation.

Continuously since the day after the accident Employers has claimed that the Glens Falls policy issued to Greer covered any liability which might be incurred by Tobin & Rooney and its employees because of negligence in unloading the Greer truck. This was expressed by letters from Employers to Glens Falls on July 13 and October 22, 1964, and in the latter was enclosed a copy of a legal opinion to such effect written by the Houston law firm which represented both insurance companies. Glens Falls sought and received on November 10 an opinion from another member of the same firm, and it expressed the same conclusion. In the meantime, Murphy had filed suit against Tobin & Rooney on October 2, and Employers' attorney had answered. On January 18, 1965, while the Murphy suit was pending only against Tobin & Rooney, Glens Falls agreed to and did assume the defense of the claim. Its same Houston law firm filed an amended answer, took depositions, and negotiated toward a settlement for about one year, after which Glens Falls withdrew from the case. The law firm which had previously represented both insurance companies also withdrew from the case, and another firm, as attorneys for Employers, took over the defense of Tobin & Rooney and filed a third-party action against four Tobin & Rooney employees, including Giles and Manuel, for indemnity against any loss sustained by reason of Murphy's claim. Glens Falls was given notice by the Tobin & Rooney employees and was requested to defend them as omnibus insureds under the Greer policy, but Glens Falls refused to do so. That case finally resulted in a judgment for Murphy against Tobin & Rooney for $64,500.00 and a judgment in favor of Tobin & Rooney against Giles and Manuel for full indemnity. See Tobin & Rooney Plastering Company v. Giles, 418 S.W.2d 598 (Tex.Civ.App.1967, no writ).

Employers, after advancing the money to pay Murphy's judgment, filed this suit as assignee and subrogee of Tobin & Rooney, to recover the amount paid in defense and satisfaction of the Murphy judgment upon the theory that Glens Falls, as insurer of Giles and Manuel under the omnibus provisions of its Greer policy, is obligated to satisfy the indemnity judgment of Tobin & Rooney against Giles and Manuel. As heretofore stated, Giles and Manuel intervened, asserting their right to have Glens Falls pay the judgment against them. They made the same contention as appellees in the Court of Civil Appeals and do so as petitioners in this Court.

The jury found that Giles and Miller were unloading the truck with the implied

consent of Greer; that notice was given to Glens Falls by or for Tobin & Rooney as soon as practicable; that Glens Falls had waived its right to require written notice of the accident by or for Tobin & Rooney and Giles and Manuel; but failed to find that written notice was given Glens Falls by or for Giles and Manuel as soon as practicable. The jury found that the $64,500 paid to Murphy by Tobin & Rooney was reasonable in amount, and it was stipulated that the reasonable and necessary expense incurred by Employers in defending the Murphy claim was $3,500. Whereupon, the trial court rendered judgment for Employers and Giles and Manuel against Glens Falls in which it determined and declared that Glens Falls is legally bound to pay to Employers the sum of $68,000 as the cost of defending and satisfying the Murphy claim against Tobin & Rooney and in satisfaction of the latter's indemnity judgment over and against Giles and Manuel.

The Court of Civil Appeals held that the evidence (April 23, 1964 letter from Greer to Glens Falls and July 13, 1964 letter from Employers to Glens Falls) supported the jury finding that written notice was given to Glens Falls by or for Tobin & Rooney as soon as practicable; that Glens Falls had waived its right to require written notice of the accident by or for Tobin & Rooney; but that there was no evidence in support of similar findings of waiver with respect to Giles and Manuel.

Because the jury failed to find that written notice of the accident had been given to Glens Falls by or for Giles and Manuel as soon as practicable, and because Employers made no motion to disregard those findings, the Court of Civil Appeals held that it was not necessary for it to determine whether the written notice of April 23, 1964 from Greer to Glens Falls constituted written notice of accident on behalf of Giles and Manuel. The question was treated solely as one of fact.

The Court of Civil Appeals held that the loading and unloading provision of the Glens Falls policy issued to Greer was applicable to the facts of this case and that there was evidence to support the jury findings that Giles and Manual were unloading the Greer truck with Greer's implied permission, summarizing as follows:

"The trial court properly held that the negligence of Giles and Manuel which was a cause of Murphy's injuries occurred during the unloading of the truck so that Tobin & Rooney, as well as Giles and Manuel, were omnibus insured under the policy issued by Glens Falls."

Glens Falls filed no motion for rehearing in the Court of Civil Appeals and does not complain of any of the above holdings. Its sole argument here is that, in spite of its coverage, it is relieved of all liability to Giles and Manuel by reason of not having received timely written notice of the accident directly from them or on their behalf and because the evidence does not support the jury finding that it waived such notice.

Employers and Giles and Manuel present two points, urging that the Court of Civil Appeals erred (1) in holding that there is no evidence to support the jury finding that Glens Falls had waived its right to require written notice of the accident by or for Giles and Manuel, and (2) in failing to hold that the written notice dated April 23, 1964, from Greer to Glens Falls inured to the benefit of the omnibus insureds, Giles and Manuel, as a matter of law. We granted the writ on the second point and have concluded that it should be sustained.

Liability insurance policy provisions requiring the insured to give timely written notice of an accident have been held to be reasonable and conditions precedent to liability under the policies. Allen v. Western Alliance Insurance Co., 162 Tex. 572, 349 S.W.2d 590 (1961); 66 A.L.R.2d 1287, #2; 72 A.L.R. 177, VI. Whether written notice of the accident by the named insured inures to the benefit of additional or omnibus insureds is a question of first impression in this Court, although there is

dictum in the case of Travelers Insurance Company v. Chicago Bridge and Iron Co., 442 S.W.2d 888, 903 (Tex.Civ.App.1969, writ ref., n. r. e.) as follows:

"Where an insurance company receives a proper and timely notice from the named insured, including 'particulars sufficient to identify' the additional insured, it is not necessary that another notice be given by the omnibus, or additional, insureds."

■ There is a difference of opinion on the question in other jurisdictions, but the weight of authority and the better rule appears to be that written notice of an accident by the named insured inures to the benefit of any additional or omnibus insureds if it is timely and sufficient to place the insurer on inquiry as to the extent of its possible liability and omnibus coverage under the policy. Western Freight Ass'n v. Aetna Casualty & Surety Co., 255 F. Supp. 858, 862 (W.D.Penn.1966) aff'd 371 F.2d 541 (3rd Cir.1967); Gregory v. Highway Insurance Company, 24 Ill.App.2d 285, 164 N.E.2d 297 (1960), appeal denied; Minneapolis, St. P. & S. S. M. R. Co. v. St. Paul Mer.–Ind. Co., 268 Minn. 390, 129 N.W.2d 777, 786 (1964); Knudson v. Anderson, 199 Minn. 479, 272 N.W. 376, 380 (1937); Costanzo v. Pennsylvania Threshermen & Farmers' Mutual Casualty Insurance Company, 30 N.J. 262, 152 A.2d 589, 594 (1959); Mariani v. Bender, 85 N.J.Super. 490, 205 A.2d 323 (1964); Capece v. Allstate Insurance Company, 86 N.J.Super. 462, 207 A.2d 207 (1965); Helvy v. Inland Mutual Insurance Company, 148 W.Va. 51, 132 S.E.2d 912 (1963); 66 A.L.R.2d 1288; 76 A.L.R. 39; 72 A.L.R. 1425; 7 Am.Jur. 2d, § 139, 467–468; 8 Appleman, Insurance Law and Practice–§ 4738 (Supp.1972, p. 24); 13 Couch on Insurance 2d, § 49:105 (1965).

The rule is stated in two of the above cited texts as follows:

"Where the named insured notified the insurer of an accident, the insurer could not defend against an omnibus insured on grounds that the latter had failed to give notice." 8 Appleman, Insurance Law and Practice, § 4738 (Supp.1972, p. 24).

"While an additional insured may give the notice required by an automobile liability policy, there is no obligation on him to do so. Hence, it is sufficient that the insured has given the notice required of him, and the insurer cannot require an additional notice from the additional insured." 13 Couch on Insurance 2d § 49:105 (1965).

In a very similar case, it was said in Western Freight Ass'n v. Aetna, *supra*:

"This condition was fully met on behalf of both Western and Zandier on November 17th, one day after the accident, when Aetna received a written report from Lightning, the named insured. This report was in substantial compliance with Condition 7. [Notice of accident] At the time of an accident only the named insured knows for certain the name of the insurance company with whom it contracted for liability insurance and the terms and conditions of the policy. From the report received from Lightning, Aetna was in a position to determine who had the status of insureds under the omnibus clause and therefore on whose behalf notice should be deemed to have been given."

■ The purpose of the requirement of timely written notice is to enable an insurer to investigate the circumstances of an accident while the matter is fresh in the minds of the witnesses so that it may adequately prepare to adjust or defend any claims that may be then or thereafter asserted against persons covered by its policy. It is for this purpose that the notice requirement has been held to be reasonable. 18 A.L.R.2d 451 #2; 72 A.L.R. 177, VI. This purpose was served in the present case by the prompt written notice given to Glens Falls by its named insured. The notice informed Glens Falls of the fact that

the accident occurred during unloading operations of the Greer truck and that among those participating in such unloading were Tobin & Rooney and "their laborers". Although the Tobin & Rooney laborers were not listed by name, it was sufficient to place Glens Falls on notice and inquiry as to their identity and as to whether their negligence, if any, might result in some liability which was within the omnibus coverage of the Glens Falls policy. It is undisputed that when Glens Falls received the written notice from Greer, all of the potential omnibus insureds had been identified by name to the Glens Falls' Claims Manager.

As a result of this notice, Glens Falls made a timely, full and complete investigation of all the facts and circumstances; obtained statements of the witnesses and the names of all possible omnibus insureds; and actually assumed defense of the case for nearly a year when only Tobin & Rooney, employer of Manuel and Giles, was the defendant. Glens Falls does not contend that it could or would have done any more investigating or preparing to defend against Murphy's claims if it had received on the same day a written notice of the accident from Giles and Manuel. It was the same accident; it involved the same insured vehicle, the same claimant, and the same omnibus insureds.

■ We hold that the timely written notice of the accident from its named insured complied with the contract provision of the policy and the purpose to be served by such provision, and that another notice of the same accident was not required of the omnibus insureds. To hold otherwise, as contended by Glens Falls, would permit it to escape liability on a technicality which had no relation to its ability to promptly investigate the accident and prepare to defend and satisfy any claims then or thereafter asserted against the omnibus insureds.

■ Glens Falls insists that the notice issue as to Giles and Manuel is a question of fact rather than one of law, and that the negative jury finding as to whether timely notice was given by them could not be disregarded on the trial court's own motion, citing Cunningham v. R. W. McPherson & Associates, Inc., 392 S.W.2d 145 (Tex.Civ.App.1965, writ ref. n. r. e.). The dictum on the subject in that case dealt solely with fact issues relating to attorney's fees and not with any independent question of law. It has been held that the question of timely notice of an accident is one of law if the evidence on the subject is undisputed. Klein v. Century Lloyds, 154 Tex. 160, 275 S.W.2d 95 (1955); Commercial Standard Insurance Co. v. Harper, 129 Tex. 249, 103 S.W.2d 143 (1937). In this case, the evidence is undisputed that Greer, the named insured in the Glens Falls policy, gave timely written notice of the accident to the company. We have held that this notice inured to the benefit of the omnibus insureds as a matter of law. This being an independent type of notice and ground for recovery conclusively established under the evidence as a matter of law, no issue thereon was required to be submitted to the jury. Wright v. Vernon Compress Co., 156 Tex. 474, 296 S.W.2d 517, 522–523 (1956); Rules 272 and 279, Texas Rules of Civil Procedure. Employers' motion for judgment on a verdict which contained negative jury findings relating to actual notice by or for Giles and Manuel was immaterial to and did not prevent recovery on another type of notice which was established as a matter of law. Having sustained petitioners' point on timely notice as a matter of law, it is unnecessary to pass upon whether there is evidence to support the jury findings that Glens Falls waived the right to require written notice from Giles and Manuel.

Accordingly, the judgment of the Court of Civil Appeals is reversed and the judgment of the trial court is affirmed.