IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 24, 2008

Charles R. Fulbruge III
Clerk

No. 05-50813

BEATRICE CROCKER

Plaintiff-Appellee

v.

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:04-CV-389

Before GARWOOD, HIGGINBOTHAM and CLEMENT, Circuit Judges.

PER CURIAM:

In this Texas law diversity case, plaintiff-appellee Beatrice Crocker seeks to recover from defendant-appellant National Union Fire Insurance Company on the basis of a Texas court $1,000,000 default judgment rendered in her favor against Richard Morris. The basis for the judgment was a personal injury allegedly suffered by Crocker as a result of Morris's negligent conduct in the course of his employment with National Union's named insured in its applicable commercial general liability insurance policy in which Morris was an additional (unnamed or omnibus) insured. After the default judgment against Morris became final, Crocker sued National Union in Texas court as a third party beneficiary of its liability policy, claiming entitlement to recovery on the basis

that National Union breached its duty to defend and indemnify Morris under its policy. National Union removed the case to federal court on the basis of diversity of citizenship. Both parties moved for summary judgment. National Union took the position that under the terms of its policy Morris was not covered because he did not give it any notice of the suit or a copy of the citation with which he was served and did not ever request a defense. Crocker took the position that National Union could not invoke those policy provisions because it timely knew of the suit against Morris (who did not know he was covered by the National Union policy) and was not prejudiced by the lack of compliance with those policy provisions and breached its duty to Morris by failing to defend him or tender him a defense. The district court granted Crocker's motion. On National Union's appeal, we certified the determinative questions of Texas law to the Supreme Court of Texas. Crocker v. National Union Fire Ins. Co., 466 F.3d 347 (5th Cir. 2006). The Texas Supreme Court has issued its opinion answering those questions. National Union Fire Insurance Co. v. Crocker, 51 Tex. Sup. Ct. J. 518, 246 S.W.3d 603 (Tex. 2008). We refer to these two prior opinions for a fuller statement.

It is clear from the opinion of the Texas Supreme Court that, because Morris never gave National Union any notice of the suit, never complied with the National Union policy's relevant notice provisions, never furnished it copies of any relevant papers as required by the policy, and never in any manner requested a defense from National Union, that National Union owed no duty to defend Morris, or to sua sponte notify him that its policy covered him, and was entitled to rely on its policy provisions precluding coverage on the basis of such noncompliance.

We accordingly reverse the judgment of the district court and remand the case with instructions to enter judgment that Crocker take nothing by her suit against National Union and for any further appropriate proceedings not

inconsistent with our opinions herein and the opinion of the Texas Supreme Court.

REVERSED and REMANDED with instructions.