COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-08-279-CV

 

 

GARRY JENKINS                                                                 APPELLANT

 

                                                   V.

 

STATE AND COUNTY MUTUAL FIRE                                         APPELLEE

INSURANCE COMPANY

 

                                              ------------

 

           FROM THE 153RD
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------








This is a suit by a judgment creditor to collect
a default judgment under an automobile liability policy.  It is undisputed that the additional insured
against whom the default judgment was rendered failed to notify the insurer of
the lawsuit filed against him.  It is
further undisputed that the insurer had actual knowledge of the suit.  The question is whether the insurer is liable
for the default judgment rendered against the additional insured.  We answer Ano@ and
affirm the trial court=s grant of summary judgment in
favor of the insurer.

                                            Background

Except as noted below, the facts of this case are
undisputed.  Appellant Garry Jenkins=s foot
was crushed in 1997 when a tank skid fell off a truck driven by Mark
Lemmon.  The accident happened when Mark
allegedly applied the brakes of the truck too quickly, causing the skid to
break free and fall on Garry=s
foot.  Both Garry and Mark were working
as independent contractors for L & G Pipe, which was owned by Deborah
Grisamer and Richard Lemmon; Richard is Mark=s
brother.  The parties dispute who owned
the truck Mark was driving.

At the time of the accident, Appellee State and
County Mutual Fire Insurance Company had issued a business auto policy to
Deborah as named insured, and the policy was in effect on the day of the
accident.  The policy listed the truck as
a Acovered
auto.@  The policy=s Aloss
conditions@ provide as follows:

2.     DUTIES
IN THE EVENT OF ACCIDENT, CLAIM, SUIT OR LOSS

 

. . . .

 








b.     . . .
you and any other involved insured must . . . [i]mmediately send us
copies of any demand, notice, summons or legal paper received concerning the
claim or suit [and] [c]ooperate with us in the investigation, settlement or
defense of the claim or suit.

 

3.     LEGAL
ACTION AGAINST US

 

No one may bring a legal action against us under this Coverage Form
until:

 

a.      There
has been full compliance with all the terms of this Coverage Form; and

                                                    

b.     Under Liability Coverage, we agree in
writing that the insured has an obligation to pay or until the amount of that
obligation has been finally determined by judgment after trial. 

Mark was listed as a Adriver@ on a
policy renewal application Debra executed before the accident.[1]  The truck he was driving at the time of the
accident was listed on the policy as a Acovered
auto.@

Garry sued Mark, Deborah, Richard, and L & G
Pipe for negligence.  Garry obtained
service on Deborah, Richard, and L & G Pipe.  Those defendants forwarded the suit papers to
State and County, and State and County defended them under the policy.








When Garry was unable to effect personal service
of process on Mark, he obtained an order authorizing service on Mark by
publication.  Mark did not file an
answer.  Garry=s
counsel informed State and County=s
adjuster that Mark had been served by publication and sent him copies of the
suit papers.  State and County=s
counsel denied that Mark was entitled to coverage under the policy and asserted
that even if Mark was covered, he had failed to comply with the policy=s
notice-of-suit condition.  The trial
court later rendered a default judgment against Mark for $650,000 in actual
damages and $260,000 in prejudgment interest.[2]

The suit proceeded to trial against the remaining
defendants.  A jury found that Mark was
100% at fault for the accident, and the trial court rendered a take-nothing
judgment against the other defendants.








Garry then sued State and County, seeking to
collect the judgment he had obtained against Mark.  The trial court granted summary judgment for
State and County on the theory that Mark was not insured under L & G Pipe=s
business auto policy because Mark, not Deborah, owned the truck.  See Jenkins v. State & County Mut. Fire
Ins. Co., No. 02-06-00067-CV, 2007 WL 1168470, at *1 (Tex. App.CFort
Worth Apr. 19, 2007, pet. denied) (mem. op.) (AJenkins
I@).  We reversed and remanded, holding that a
genuine issue of material fact as to who owned the truck precluded summary
judgment.  Id. at *3.

On remand, Garry filed a traditional motion for
summary judgment, arguing that Mark was a covered driver under the policy.  State and County filed a combined traditional
and no-evidence motion for summary judgment, arguing that it had no duty to
indemnify Mark or pay the judgment on his behalf because Mark had not notified
State and County of the suit against him. 
Garry argued that State and County had waived Mark=s
compliance with the policy=s
notice-of-suit condition because it had actual knowledge of Garry=s suit
against Mark but refused to defend him. 
The trial court granted State and County=s
summary judgment motion and denied Garry=s.  Garry filed this appeal.

                                       Standard
of Review








In a summary judgment case, the issue on appeal
is whether the movant met the summary judgment burden by establishing that no
genuine issue of material fact exists and that the movant is entitled to
judgment as a matter of law.  Tex. R.
Civ. P. 166a(c); Sw. Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex.
2002); City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678
(Tex. 1979).  When both parties move for
summary judgment and the trial court grants one motion and denies the other,
the reviewing court should review both parties= summary
judgment evidence and determine all questions presented.  Valence Operating Co. v. Dorsett, 164
S.W.3d 656, 661 (Tex. 2005).  The
reviewing court should render the judgment that the trial court should have
rendered.  Id.

When a party moves for summary judgment on both
traditional and no evidence grounds and the trial court did not specify the
grounds on which it was granted, we will uphold the summary judgment if any one
of the grounds advanced in the motion is meritorious.  Joe v. Two Thirty Nine Joint Venture, 145
S.W.3d 150, 157 (Tex. 2004).

                                             Discussion

1.     Mark=s
failure to forward suit papers and demand a defense

In his second issue, Garry argues that the trial
court erred by granting State and County=s
traditional motion for summary judgment. 
State and County contends that Mark=s
failure to comply with the notice-of-suit condition precludes coverage for
Garry=s claims
against Mark.  Garry argues that State
and County cannot rely on the condition because it had actual knowledge of his
suit against Mark.  For the purposes of
this discussion, we will assume without deciding that Mark was an insured under
the policy at the time of the accident.








Our supreme court has consistently held that an
insurer has no duty to defend or indemnify an insured unless the insured
forwards suit papers and requests a defense in compliance with the policy=s
notice-of-suit conditions.  See Nat=l Union
Fire Ins. Co. v. Crocker, 246 S.W.3d 603, 610 (Tex. 2008); Harwell
v. State Farm Mut. Auto. Ins. Co., 896 S.W.2d 170, 174B75 (Tex.
1995); Weaver v. Hartford Accident & Indem. Co., 570 S.W.2d 367, 370
(Tex. 1978).

Weaver is the first of three supreme
court decisions that guide our analysis. 
Weaver was involved in a car wreck with Busch, who worked for Thomas
Enterprises.  570 S.W.2d at 368.  Thomas was the named insured on a
comprehensive automobile liability policy issued by Hartford.  Id. 
Weaver sued and served Busch, but Busch did not forward the suit papers
to Hartford.  Id.  Weaver sued and served Thomas in the same
action; Thomas promptly forwarded the suit papers to Hartford, and Hartford
defended Thomas.  Id.  Weaver later nonsuited Thomas, and the trial
court rendered a default judgment against Busch.  Id. 
Weaver then sued Hartford to collect the judgment.  Id.








The supreme court noted that a policy=s
condition that the insured immediately forward suit papers to the insurer
serves several purposes.  Id. at
369.  One purpose is to enable the
insurer to control the litigation and interpose a defense.  Id. 
But Aa more basic purpose is to
advise the insurer that the insured has been served with process and that the
insurer is expected to timely file an answer.@  Id. 
The court held that because Busch had never forwarded the suit papers to
Hartford or requested a defense, Hartford had no duty to defend him, and it
affirmed the court of appeals=
take-nothing judgment in favor of Hartford. 
Id. at 370.








Seventeen years later, the supreme court reached
a similar result in Harwell. 
Hubbard and Leatherman were in a car wreck; Hubbard died, and Leatherman
was seriously injured.  896 S.W.2d at
172.  Hubbard was insured by a State Farm
automobile liability policy.  Id.  Leatherman sued Hubbard=s
estate.  Leatherman=s
attorney caused the probate court to appoint the attorney=s
secretary, Harwell, as the estate=s
temporary administrator and served her with citation.  Id. 
Leatherman=s attorney notified State Farm
of the suit in writing and discussed the case with State Farm=s
attorney, but Harwell never forwarded any suit papers to State Farm nor
demanded a defense.  Id.  The trial court rendered a default judgment
in favor of Leatherman.  Id.  Harwell did not notify State Farm of the
judgment, but Leatherman=s attorney sent State Farm a
copy of the judgment one day after the deadline for filing a motion for new
trial or perfecting appeal.  Id.  When Leatherman attempted to enforce the
judgment against Hubbard=s policy, State Farm filed a
declaratory judgment action against Harwell and Leatherman, seeking a
declaration that it was not responsible for the judgment against Hubbard.  Id. at 173.  The trial court granted State Farm=s motion
for summary judgment, and the court of appeals affirmed.  Id.

On appeal to the supreme court, Harwell argued
that State Farm could not rely on her failure to forward suit papers because it
had actual knowledge of Leatherman=s suit
against Hubbard; that State Farm was not prejudiced by her failure to provide
notice; and that State Farm=s
refusal to defend the suit estopped it from claiming that Harwell=s breach
of the notice-of-suit provision relieved it of liability.  Id. 
The supreme court held that until State Farm received notice of
suit, it had no duty to undertake Hubbard=s
defense.  Id. at 174.  Leatherman=s
attorney=s
correspondence to State Farm and his discussions with State Farm=s
attorney did not constitute Anotice.@  Id. 
Further, Ait was Harwell=s duty
to notify State Farm of the suit against its insured when she received service
of process; it was not State Farm=s duty
to determine when or if Harwell had been served.@  Id. 
The court also held that A[t]he
failure to notify an insurer of a default judgment against its insured until
after the judgment has become final and nonappealable prejudices the insurer as
a matter of law.@ 
Id.  Finally, noting that
estoppel can only arise when a party refuses to do that which he has a duty to
do, the court held that State Farm was not estopped from asserting Harwell=s breach
of the policy as a bar to its liability because State Farm was never under a
duty to defend Harwell.  Id. at
175.








The third and final controlling case is Crocker.  246 S.W.3d at 603.  There, a nursing home residentCCrockerCsued the
home=s ownerCEmeritusCand its
employeeCMorrisCfor
injuries Crocker sustained when she was hit by a door swung open by
Morris.  Id. at 604.  Crocker=s claims
against Emeritus and Morris were covered by a commercial general liability
policy issued by National Union; Emeritus was the named insured, and Morris was
an additional insured.  Id. at
605.  Morris was served with process, but
he did not forward the suit papers to National Union or request a defense.  Id. 
National Union defended Emeritus, but it did not defend Morris even
though it knew he was an additional insured and a named defendant who had been
served.  Id.  The trial court eventually rendered a $1
million default judgment against Morris. 
Id.

Crocker sued National Union to collect the
judgment, and National Union removed the case to federal court.  Id. 
The federal district court granted summary judgment in favor of Crocker
and awarded her $1 million.  Id.
at 606.  On appeal, the fifth circuit
certified the following question to the supreme court:

Where an additional
insured does not and cannot be presumed to know of coverage under an insurer=s liability policy, does
an insurer that has knowledge that a suit implicating policy coverage has been
filed against its insured have a duty to inform the additional insured of the
available coverage?








Id.  The
supreme court answered Ano,@ noting
that its decision in Weaver governed the case: APut
simply, there is no duty to provide a defense absent a request for coverage.@  Id. at 606, 608.

The court explained that notice and
delivery-of-suit-papers provisions in insurance policies serve two essential
purposes:  (1) they facilitate a timely
and effective defense of a the claim against the insured and, more
fundamentally, (2) they trigger the insurer=s duty
to defend by notifying the insurer that a defense is expected.  Id. at 608 (citing Harwell, 896
S.W.2d at 172; Weaver, 570 S.W.2d at 369).  Mere awareness of a claim or suit does not
impose a duty on the insurer to defend under the policy; there is no unilateral
duty to act unless and until the additional insured first requests a defenseCa
threshold duty that the insured fulfills under the policy by notifying the
insurer that the insured has been served with process and the insurer is
expected to answer on its behalf.  Id.  An insurer cannot necessarily assume that an
additional insured who has been served but has not given notice to the insurer
is looking to the insurer to provide a defense. 
Id. at 609.  If there is no
duty to defend, there is no duty to indemnify: 
AAbsent a
threshold duty to defend, there can be no liability to [the additional
insured], or to [the claimant] derivatively.@  Id. at 609.








The rule from Weaver, Harwell, and Crocker
is clear: an insurer has no duty to defend and no liability under a policy
unless and until the insured in question complies with the notice-of-suit
conditions and demands a defense.  This
is true even when the insurer knows that the insured has been sued and served
and when the insurer actually defends other insureds in the same litigation, as
happened in both Weaver and Crocker.

In the case before us, State and County knew that
Garry had sued Mark and knew that Mark had been served by publication.  But unless and until Mark notified State and
County of the suit and forwarded the suit papers in accordance with the policy=s
conditions, State and County had no duty to defend Mark and has no liability
under the policy for the judgment against Mark.








Garry=s
attempts to distinguish Crocker, Weaver, and Harwell are
unavailing.  Garry relies on a single
sentence in WeaverCAThe
question presented here is not controlled by the Court=s
holding in Employers Casualty Co. v. Glens Falls Insurance Co.@Cand
argues that Employers Casualty does control the case before us.  In Employers Casualty, the supreme
court held that when a named insured notified the insurer of a covered accident,
the omnibus insured was not also required to notify the insurer of the
accident.  484 S.W.2d 570, 576 (Tex.
1972).  The word Aaccident@ is the
key.  Employers Casualty  dealt with a condition requiring insureds to
notify the insurer of an accident, not the condition requiring insureds
to notify the insurer of a lawsuit and forward suit papers.  For that reason, Employers Casualty did
not control the outcome in Weaver, and it does not control the outcome
in this case.

Garry attempts to distinguish Harwell
because in that case, State Farm Adid not
learn about the suit, service[,] and default judgment until after it was
final.@  This is a genuine distinction between our
case and Harwell, but it does not compel a different outcome.  In both Weaver and Crocker, the
insurers knew about the suits, the service on the insureds, and the default
judgments before the judgments were finalCyet the
results in those cases were the same as in Harwell.  Indeed, Crocker specifically rejected
the argument Garry makes:  AMere
awareness of a claim or suit does not impose a duty on the insurer to defend
under the policy.@ 
Crocker, 246 S.W.3d at 608. 
Thus, while Garry has identified a distinction between this case and Harwell,
it is a distinction without a difference.








Next, Garry repeatedly identifies Mark as a Anamed
insured@Cthough,
as we have noted, this contention has no support in the recordCin an
apparent effort to distinguish this case from Weaver, Harwell,
and Crocker, all of which concerned omnibus or additional insureds.  Even assuming Mark was a named insured, the
result would be the same.  In Crocker,
the supreme court held that even an additional insured who does not know he is
an additional insured and has no knowledge of the policy=s terms
and conditions is not entitled to coverage until he requests a defense.  Id. at 605, 610.  If an additional insured who has no knowledge
of the policy must comply with its conditions in order to invoke coverage, then
certainly compliance will be required of a named insured, who is assumed to
have read the policy and is charged by law with knowledge of its contents.  See Roland v. Transamerica Life Ins. Co.,
570 F. Supp. 2d 871, 880 (N.D. Tex. 2008) (AIn Texas
an insured has a duty to read the insurance policy and is charged with
knowledge of its provisions.@).

2.     Prejudice

Finally, Garry argues that State and County
cannot show that it was prejudiced by Mark=s
failure to notify it of Garry=s suit
because it had actual knowledge of the suit.[3]  An insured=s
failure to timely notify its insurer of a claim or suit does not defeat
coverage if the insurer was not prejudiced by the delay.  PAJ, Inc. v. Hanover Ins. Co., 243
S.W.3d 630, 636B37 (Tex. 2008); see also
Prodigy Commc=ns. Corp. v. Agric. Excess &
Surplus Ins. Co., No. 06-0598, 2009 WL 795530, at *7 (Tex. Mar.
27, 2009) (extending rule to claims-made policy where prompt-notice condition
was not an essential part of the bargained-for exchange under the policy).








An insurer=s actual
knowledge of a claim or suit does not preclude a showing of prejudice as a
matter of law.  In Liberty Mutual
Insurance Co. v. Cruz, the supreme court held that Afailure
to comply with the insurance policy notice provision by not providing notice of
suit until after a default judgment is final, when the insurer does not
otherwise have actual knowledge of the suit, prejudices the insurer as a
matter of law and relieves the insurer of liability under the policy.@  883 S.W.2d 164, 165 (Tex. 1993) (emphasis
added); see also Harwell, 896 S.W.2d at 174 (holding Harwell=s
failure to notify State Farm of the suit against Hubbard=s estate
prejudiced State Farm as a matter of law). 
But in CrockerCwithout
mentioning CruzCthe supreme court indicated that
even if an insurer has actual knowledge of a suit against its insured, the
insurer is not precluded from showing prejudice as a matter of law:  AThe
question . . . is . . . whether National Union . . . should be
estopped to deny coverage because it was aware that Morris had been sued and
served and had ample time to defend him. 
The answer must be >no.=@  246 S.W.3d at 609; see also Md. Cas. Co.
v. Am. Home Assur. Co., 277 S.W.3d 107, 117 n.19 (Tex. App.CHouston
[1st Dist.] 2009, pet. filed) (recognizing Crocker=s
implicit overruling of the Aactual
knowledge of suit@ language in Cruz).  Thus, under Crocker, the fact that
State and Country had actual knowledge of Garry=s suit
against Mark does not preclude proof of prejudice as a matter of law.








The question, then, is whether State and County
proved prejudice as a matter of law.  For
the answer, we turn again to Crocker. 
The supreme court distinguished between late notice, as in PAJ,
and no notice, as in Crocker and the case before us: AIn the
pending case, however, the additional insured=s notice
was not merely late; it was wholly lacking. 
PAJ=s notice was tardy; Morris=s was
nonexistent.@ 
Crocker, 246 S.W.3d at 609. 
The court further stated that National Union was Aobviously
prejudiced in the sense that it was exposed to a $1 million judgment.@  Id. 
After receiving the supreme court=s
answers to its certified questions, the fifth circuit reversed and remanded
with instructions to render a take-nothing judgment in favor of National Union,
holding,

It is clear from the
opinion of the Texas Supreme Court that, because Morris never gave National
Union any notice of the suit, never complied with the National Union policy=s relevant notice provisions,
never furnished it copies of any relevant papers as required by the policy, and
never in any manner requested a defense from National Union, that National
Union owed no duty to defend Morris, or to sua sponte notify him that its
policy covered him, and was entitled to rely on its policy provisions
precluding coverage on the basis of such noncompliance.

 

Crocker v. Nat=l Union
Fire Ins. Co., 526 F.3d 240, 241 (5th Cir. 2008) (per curiam).








In the pending case, as in Crocker, Mark=s notice
is not merely late; it is wholly lacking. 
Just as National Union=s actual
knowledge of the suit against Morris did not preclude proof of prejudice, State
and County=s actual knowledge of the suit
against Mark does not preclude proof of prejudice.  And just as National Union was Aobviously@
prejudiced by the rendition of a $1 million judgment against Morris, State and
County was prejudiced by the $650,000 judgment rendered against Mark.  We hold that Mark=s
failure to comply with the policy=s
notice-of-suit provision prejudiced State and County as a matter of law.

Because Mark never gave State and County any
notice of the suit, never complied with the State and County=s policy=s
relevant notice provisions, never furnished it copies of any relevant papers as
required by the policy, and never in any manner requested a defense from State
and County, State and County owed no duty to defend Mark, was prejudiced by the
default judgment Garry took against Mark, and was entitled to rely on its
policy provisions precluding coverage on the basis of such noncompliance.  We therefore hold that the trial court did
not err by granting a traditional summary judgment in State and County=s favor,
and we overrule Garry=s second issue.

                                             Conclusion








Having overruled Garry=s second
issue, we do not reach his first issue, in which he argues that the trial court
erred by denying his own motion for summary judgment, nor his third issue, in
which he argues that the trial court erred by granting State and County=s
no-evidence motion.  See Tex. R.
App. P. 47.1.  We affirm the trial court=s
judgment.

 

 

ANNE
GARDNER

JUSTICE

 

PANEL: GARDNER, WALKER,
and MEIER, JJ.

 

DELIVERED:  June 11, 2009











[1]Garry repeatedly refers
to Mark as a Anamed insured@ in his brief, but he
never identifies where in the policy Mark is so named.  Our own review of the relevant documents
finds Mark=s name only on the
renewal application, not in the policy itself. 
The policy=s declaration page lists
only Deborah as a Anamed insured.@





[2]The trial court did not
appoint an attorney ad litem to defend the suit on Mark=s behalf as required by
rule of civil procedure 244 in cases where the defendant is served by
publication.  See Tex. R. Civ. P.
244.





[3]State and County did not
directly address prejudice in its motion for summary judgment in the trial
court or in its brief in this court. 
Garry=s appellate argument
regarding prejudice consists of a single sentence.