NUMBER 13-08-00256-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


WASHINGTON MUTUAL BANK, Appellant,


v.
 


COMMONWEALTH LAND TITLE 

INSURANCE COMPANY, Appellee.

 


On appeal from the 95th District Court 


of Dallas County, Texas.


 


MEMORANDUM OPINION



Before Justices Rodriguez, Garza, and Vela


Memorandum Opinion by Justice Rodriguez



 This appeal arises from a denial of insurance coverage. Appellee Commonwealth
Land Title Insurance Company (Commonwealth) denied liability coverage to appellant
Washington Mutual Bank (WAMU) after a bankruptcy trustee obtained an agreed judgment
against WAMU in an adversary proceeding. WAMU sued Commonwealth for denying its
claim under the title insurance policy issued by Commonwealth to WAMU, and WAMU
complains on appeal of the trial court's entry of summary judgment in favor of
Commonwealth. By one issue, WAMU argues that the trial court erred in granting
summary judgment to Commonwealth because Commonwealth failed to prove it was
prejudiced by WAMU's failure to notify Commonwealth of the adversary proceeding before
entry of judgment against WAMU. We affirm.

BACKGROUND

 On November 22, 2003, WAMU loaned $137,513 to Kenneth and Gay Roder (the
Roders) to refinance a pre-existing mortgage on their home. Commonwealth issued
WAMU a mortgagee title insurance policy in connection with the loan. The policy generally
indemnified WAMU for loss and/or damage incurred by WAMU because of any defect in
title. The policy also provided, in relevant part, as follows:

 3. NOTICE OF CLAIM TO BE GIVEN BY INSURED CLAIMANT.

 The insured [WAMU] shall notify [Commonwealth] promptly in writing


 . . . .


 (ii) in case knowledge shall come to an insured hereunder of any
claim of title or interest that is adverse to the title to the estate
or interest or the lien of the insured mortgage, as insured, and
that might cause loss or damage for which [Commonwealth]
may be liable by virtue of this policy. If prompt notice shall not
be given to [Commonwealth], then as to the insured all liability
of [Commonwealth] shall terminate with regard to the matter or
matters for which prompt notice is required; . . .

 Commonwealth's issuing agent recorded the deed of trust lien corresponding to the
loan to the Roders on January 29, 2004. On March 26, 2004, only fifty-six days after
recordation of the deed of trust, the Roders filed for bankruptcy. Because the deed of trust
was recorded less than ninety days prior to the bankruptcy, the bankruptcy trustee
instituted an adversary proceeding against WAMU on June 1, 2004, alleging that the
recordation was a preferential transfer in contravention of the bankruptcy code. See 11
U.S.C. § 547(b) (2006). The trustee filed a motion for summary judgment in the adversary
proceeding on July 7, 2004, which WAMU did not oppose. On August 23, 2004, WAMU
and the trustee entered into an agreed judgment. The agreed judgment surrendered
WAMU's rights in the property, transferred all rights and benefits under the deed of trust
lien from WAMU back to the Roders' bankruptcy estate, and gave WAMU an unsecured
claim against the estate. WAMU eventually received a disbursement from the estate in the
amount of $25,910.86. 

 On December 21, 2004, nearly four months after the entry of the agreed judgment, 
WAMU filed a claim on its title insurance policy with Commonwealth. On February 22,
2005, Commonwealth denied the claim on the grounds that WAMU failed to notify
Commonwealth of the adversary proceeding in time for Commonwealth to defend the
validity of the insured deed of trust lien. 

 WAMU sued Commonwealth in February 2007 in the 95th District Court of Dallas
County, alleging breach of contract in connection with Commonwealth's denial of WAMU's
claim under the title insurance policy. (1) Commonwealth filed a motion for summary
judgment on the grounds that it was not liable to WAMU as a matter of law because
WAMU failed to satisfy several conditions precedent to recovery under the policy,
including, among others, that WAMU provide timely notice to Commonwealth of the
adversary proceeding. The trial court granted Commonwealth's motion and rendered
summary judgment in its favor. This appeal ensued.

STANDARD OF REVIEW

 In a traditional summary judgment, the issue on appeal is whether the movant met
the summary judgment burden by establishing that no genuine issue of material fact exists
and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); Sw.
Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002). In reviewing a summary
judgment, we consider the evidence in the light most favorable to the nonmovant,
accepting as true all evidence favorable to the nonmovant, indulging every reasonable
inference, and resolving any doubts in the nonmovant's favor. Harwell v. State Farm Mut.
Auto. Ins. Co., 896 S.W.2d 170, 173 (Tex. 1995). We consider evidence favorable to the
movant only if it is uncontroverted. Great Am. Reserve Ins. Co. v. San Antonio Plumbing
Supply Co., 391 S.W.2d 41, 47 (Tex. 1965). A defendant is entitled to summary judgment
if it conclusively negates at least one essential element of the plaintiff's cause of action or
establishes all the elements of an affirmative defense. Am. Tobacco Co., Inc. v. Grinnell,
951 S.W.2d 420, 425 (Tex. 1997); see also Kim v. Farmers Ins. Exch., Inc., No. 01-05-01112-CV, 2007 WL 3105898, at *2 (Tex. App.-Houston [14th Dist.] Oct. 25, 2007, no
pet.) (mem. op.). Because the trial court's order granting summary judgment does not
specify the basis for the ruling, we will affirm the trial court's judgment if any of the theories
advanced by Commonwealth are meritorious. See Harwell, 896 S.W.2d at 173.

APPLICABLE LAW

 Compliance with a notice-of-suit provision in an insurance policy "is a 'condition
precedent to the insurer's liability on the policy.'" Harwell, 896 S.W.2d at 173-74 (quoting
Weaver v. Hartford Acc. & Indem. Co., 570 S.W.2d 367, 369 (Tex. 1978)); see also
Blanton v. Vesta Lloyds Ins. Co., 185 S.W.3d 607, 611 (Tex. App.-Dallas 2006, no pet.). 
An insured's failure to notify its insurer does not absolve an insurer from liability unless the
lack of notice prejudices the insurer. Harwell, 896 S.W.2d at 174; Jenkins v. State &
County Mut. Fire Ins. Co., 287 S.W.3d 891, 898 (Tex. App.-Fort Worth 2009, pet. denied). 
However, an insurer is prejudiced as a matter of law if the insured fails to notify the insurer
until after a default judgment against the insured becomes final and nonappealable. 
Liberty Mut. Ins. Co. v. Cruz, 883 S.W.2d 164, 166 (Tex. 1993); Harwell, 896 S.W.2d at
174. Importantly, for purposes of prejudice, there is no difference "between cases in which
an injured third party obtains a default judgment [against the insured] and cases . . . in
which the insured appears at trial but offers no evidence or defenses on [its] behalf." 
Harwell, 896 S.W.2d at 174; see also Kim, 2007 WL 3105898, at *4.

DISCUSSION

 In its sole issue on appeal, WAMU complains that the trial court erred in granting
summary judgment to Commonwealth because Commonwealth failed to prove it was
actually prejudiced by WAMU's failure to notify Commonwealth of the adversary
proceeding before the entry of the agreed judgment. (2) By its argument, WAMU asks this
Court to distinguish this case from the controlling applicable law because a "settlement
without consent" does not presumptively prejudice an insurer, see Lennar Corp. v. Great
Am. Ins. Co., 200 S.W.3d 651, 690 (Tex. App.-Houston [14th Dist.] 2006, pet. denied), and
the agreed judgment here was merely a settlement without Commonwealth's consent. 

 The purpose of a notice-of-suit provision in an insurance policy is to enable an
insurer to investigate the circumstances of the policy-invoking incident so that the insurer
has adequate time to prepare to defend any claims. See Blanton, 185 S.W.3d at 611-12
(citing Employers Cas. Co. v. Glens Falls Ins. Co., 484 S.W.2d 570, 575 (Tex. 1972)). 
Thus, the crucial inquiry in determining whether an insurer was prejudiced as a matter of
law is whether the insurer's ability to defend against the claim has been irreparably
impaired by an insured's failure to comply with a notice-of-suit provision. See id. at 612
(citing 13 Couch on Insurance § 186:14 (3d ed. 2005)). And whether an insurer has
suffered such an impairment depends largely on the extent to which the insured defended
against the claim before judgment was entered and became final and nonappealable. See
Harwell, 896 S.W.2d at 174; see also Kim, 2007 WL 3105898, at *4.

 WAMU does not dispute that it made no efforts to defend against the trustee's
claims in the adversary proceeding. See Great Am. Reserve Ins. Co., 391 S.W.2d at 47. 
Specifically, WAMU did not respond to the trustee's motion for summary judgment, instead
consenting to an agreed judgment that stripped WAMU of its rights under the deed of trust
lien and left it with an unsecured claim in the bankruptcy. WAMU eventually received
$25,910.86 for the unsecured claim, more than $130,000 less than the amount of the
original loan to the Roders. It is undisputed that Commonwealth did not learn of the
judgment--nor did it have any knowledge of the adversary proceeding--until nearly four
months after the entry of the judgment when WAMU attempted to file a claim against the
title insurance policy for the difference between the unsecured claim amount and the
amount of the original loan.

 In its motion for summary judgment, Commonwealth argued that it was prejudiced
as a matter of law by WAMU's failure to notify it of the adversary proceeding because it
was denied the opportunity to defend against the claims of the bankruptcy trustee. See
Hernandez v. Gulf Group Lloyds, 875 S.W.2d 691, 693 n.3 (Tex. 1994) (reasoning that an
insurer is prejudiced where it is denied the opportunity to answer for the insured, litigate
the merits of the suit, or appeal any adverse judgment). Based on the foregoing facts, we
agree. Because WAMU failed to comply with an express condition precedent of its
insurance policy with Commonwealth, it was not entitled to coverage, and the trial court did
not err in granting summary judgment to Commonwealth on the basis of this affirmative
defense. See Grinnell, 951 S.W.2d at 425; Harwell, 896 S.W.2d at 173-74. WAMU's first
issue is overruled.

CONCLUSION

 The judgment of the trial court is affirmed.


 

 NELDA V. RODRIGUEZ

 Justice


Delivered and filed the 14th

day of January, 2010.


1. The case is before this Court on transfer from the Fifth Court of Appeals in Dallas pursuant to an
order issued by the Supreme Court of Texas. See Tex Gov't Code Ann. § 73.001 (Vernon 2005).
2. WAMU argues that, even if Commonwealth had been given an opportunity to defend, there were
no viable defenses to the bankruptcy trustee's claims, thus conclusively negating any prejudice suffered by
Commonwealth as a result of WAMU's failure to notify. WAMU contends that it "cut its losses" by consenting
to the agreed judgment. However, WAMU's focus on the potential failed defenses misses the mark--as is
accurately argued by Commonwealth in its brief on appeal, the critical question is whether Commonwealth
was "denied the opportunity to answer for the insured, to litigate the merits of the suit, to appeal any adverse
judgment against the insured, and to otherwise minimize the insured's liability." See Harwell v. State Farm
Mut. Auto. Ins. Co., 896 S.W.3d 170, 174 (Tex. 1995); Hernandez v. Gulf Group Lloyds, 875 S.W.2d 691, 693
n.3 (Tex. 1994); see also Blanton v. Vesta Lloyds Ins. Co., 185 S.W.3d 607, 611-12 (Tex. App.-Dallas 2006,
no pet.).